**FILED**
UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT 2004 MAR 8 4:55

U.S. DISTRICT COURT
BRIDGEPORT, CONN

Robert Reid, pro se,
        Plaintiff.

V.

John Armstrong, et al.
        Defendants.

Civil Action No.

Docket No. 3:03CV0208(JCH)

## PLAINTIFF'S 9(C)1 STATEMENT OF UNDISPUTED MATERIAL FACTS

1. The plaintiff is a sentenced inmate from the State of New Hampshire serving his time in a Connecticut Department of Corrections, which is presently at Corrigan Correctional Institution in Uncasville Connecticut.

2. Plaintiff is serving a ten to thirty (10-30) year sentence imposed by Merrimack Superior Court for Second Degree Assault in the State of New Hampshire, but serving said sentence pursuant to an agreement between the States of Connecticut and New Hampshire under the New England Interstate Corrections Compact.

3. The defendants, all were employees of the Connecticut Department of Correction (hereinafter "DOC") at the time of this Action were: John Armstrong, the DOC Commissioner; George Wezner, the Lead Warden at the Corrigan Correctional Institution; JoAnne Borden, the Correctional Counselor Supervisor at Corrigan, C.I.; Gary Credit, the Correctional Counselor at Corrigan, C.I.

4. On March 23, 2001 was transfered from Cheshire Correctional Institution to Corrigan Correctional Institution and have remained confined with the exception of approximately (6) months and (20) days spent in other facilities here and New Hampshire State prison.

5. All defendants were aware or should have be aware of the New England Interstate Corrections Compact and/or the Contract For the implementation of the Interstate Corrections Compact.

-1-

6. Plaintiff only received one Disciplinary Report from 2-23-98 when he first arrived until June 2001 when his percentage of the time Classification Review was conducted. Said Disciplinary Report wasn't until Sept 2001 after his Classification Review.

7. As part of the transfer process, the laws and administrative Rules and regulations of New Hampshire (sending state) shall govern in any manner relating to plaintiffs confinement in Connecticut pursuant to the Contract for the implementation, and the Interstate Corrections Compact, are set forth in an application from the sending state.

8. Plaintiff has been maintained in maximum security Level-4 from October 5, 2000 up until the present date without (90) day Classification Review pursuant to New Hampshires Classification regulations, which grades Custody(5) as maximum (hereinafter "C-5").

9. It is ~~~~~~ the state of Connecticut Department of Corrections (hereinafter "DOC") policy to conduct Reclassification Reviews for maximum Level-4 inmates with (5) years or more left on their sentence every 365 days.

10. New Hampshire Close Custody status (hereinafter "C-4"), and Medimum custody status (hereinafter "C-3") are reviewed by the classification board every (6) months or earlier if deem appropriate by the Unit Manager or Classification officer, for those inmates with _less_ than 3 years to their minimum Parole Date.

11. At the time plaintiff was transferred to Corrigan. C.I he was within (3) years of his minimum Parole Date and over Connecticut's 35% of the time served on his (30)maximum sentence, and was never given any prior notification of reclassification Reviews or acknowledge such.

12. Plaintiff first Disciplinary Report was September 13, 1998 a class A disciplinary Report which would have cleared in a (120) days, which comes to January 1999 without any infractions, and the next Disciplinary Report wasn't received by the plaintiff until B approximately (3) years later on September 1, 2001, which was also a class A Disciplinary Report, which would have cleared in a (120)days, thus being without any infractions until ~~~~~~ approximately January 1, 2002. These ■time requirement pursuant to Connecticut's Classification guidelines for gaining reduced custody and/or level.

-2-

13. New Hampshire also provide for restrictions on ~~\[redacted]~~ eligibility on securing Reduced Custody and/or level by being free of major disciplinaries for a 60-day period prior to applying, and 30-days for minor disciplinaries prior to applying.

14. Corrigan, C.I. Staff dealing with classification processes were Wezner, Borden, and Credit who informed plaintiff regardless of my eligibility in New Hampshire they denied my level and/or custody because of the amount of the remainder of my sentence left, and the fact that I have not been afforded a vote to parole date, and would be reviewed only after a firm vote to parole date had been secured by plaintiff.

15. The New Hampshire Adult Parole board (hereinafter "NHAPB") placed condition of a favorable parole possibility if plaintiff completed an Anger Management program and progress to an halfway house or Community Custody setting.

Not 16. All level and/or custody reduction were foreclose due to fact plaintiff could secure Level below a L4I without first obtaining a firm vote to parole date from the State of New Hampshire, thus Delaying his opportunity for additional parole hearing, and release.

17. If Connecticut manage plaintiff according to New Hampshire classification guidelines he would have secured his February 16, 2002 parole hearing which was conducted August 8, 2002, and would have been able to progress to a minimum security custody status.

18. Unlike Connecticut the State of New Hampshire basis its eligibility on plaintiff's minimum parole date not his maximum discharge date for a Community Correction Center Halfway House in which he needs to be 3 to 9 months before his ~~\[redacted]~~ minimum parole date.

19. Plaintiff is currently over his minimum parole date and is presently eligible for level reductions under New Hampshires classification guidelines.

Respectfully Submitted,

*Robert Reid*
Robert A. Reid - PLAINTIFF
Corrigan, C.I.
986 Norwich-New London tpke.
Uncasville, Ct. 06382

## CERTIFICATION

I hereby certify that a copy hereof was mailed this 31st day of March, 2004 to Terrence M. O'Neill at 110 Sherman Street Hartford, Ct. 06105.

*Robert Reid*
Robert Reid - pro se.