UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Robert Reid

v.

John Armstrong, et al.

FILED

2005 APR 15 A 11:50
U.S. DISTRICT COURT
BRIDGEPORT, CONN

Prisoner Case No.
3:03-CV-208(JCH)(HBF)

April 8, 2005

## PLAINTIFFS MOTION FOR RECONSIDERATION

Now Comes Robert Reid in pro, se. As plaintiff in the above entitled matter requesting this Court to reconsider its previously ruling on Cross-motion for Summary Judgment dated March 29, 2005 in favor of defendants. Plaintiff states the following in Support.

**I.**
Plaintiff would argue that the action by Connecticut Commissioner of Correction of depriving plaintiff sentenced under New Hampshire but incarcerated in Connecticut pursuant to New England Corrections Compact of eligibility for minimum security classification to which inmates in New Hampshire were entitled, Prevented him from meeting conditions imposed by his parole board violated equal protection clause, and Due Process.

**II.**
Plaintiff agrees that the Constitution creates no right to receive parole nor does it entitle any inmate to a particular institutional classification, nor even due process in the classification process.

**III.**
Plaintiff feels the Court mistakenly not finding a liberty



interest protected by due process in his eligibility for minimum security classification to which inmates in New Hampshire were entitled, and which was necessary for him to meet conditions imposed by his parole board, inasmuch as his ineligibility in Connecticut imposes upon plaintiff an atypical and significant hardship in relation to the ordinary incidents of prison life; <u>minimum security classification is directly related to parole</u>. See <u>Sandin v. Conner</u>, 515 U.S. 472 (1995)

Indeed, here the Compact itself states that all inmates incarcerated pursuant to the Compact "shall be treated equally with such similar inmates of the receiving state as may be confined in the same Institution," RSA 622-A:2 Art IV.(e), but common sense dictates that plaintiff cannot be "similarly situated," for purposes of parole, to inmates convicted under the laws of Connecticut. Unlike plaintiff, Connecticut inmates are not subject to the parole jurisdiction of New Hampshire. Plaintiff would argue because inmates in one jurisdiction are subject to a different parole authority from inmates in the other jurisdiction, it is pointless, for equal protection purposes, to treat the plaintiff who is subject to the parole jurisdiction of New Hampshire as if he were subject to the jurisdiction of Connecticut parole authorities. See <u>Carillo v. DuBois</u> 23 F. Supp. 2d 103 (D. Mass. 1998).

It should also be noted by the Court RSA 622-A:2 Art IV.(h), guarantees that an inmate confined out-of-state pursuant to the Compact "shall have any and all rights to participate in and derive any benefits or incur or be relieved of any obligations or have such obligations modified or his status changed on account of any action or proceeding in which he could have participated if confined in any appropriate institution of the sending state located within such state. See <u>Carillo</u> Id. at note. 11, 12.

(2)

Plaintiff would point out if the Court would had took as true his Affidavit of the facts which were not refuted by defendants of para. 9. And (Attachment-2) submitted with his motion for Summary Judgment should find a liberty Interest when the State of Connectict has indicated plaintiff would not be eligible for a level-3 reduction or a level-2 reduction precluding him from meeting the conditions set out by the New Hampshire parole board, but if situated in the Sending State would have been eligible.

Furthermore, the State of New Hampshire in the County of Merrimach Justice Peter H. Fauver in his order dated Aug 15, 2003 stated plaintiff be afferded a similar classification as he would be eligible to receive in New Hampshire so that his parole opportunity would not be delayed. And in recognizing the difference in the classification order that the State move "expeditiously".

Also in his Affidavit plaintiff at para. 11 if taken as true the correspondence from New Hampshire Prison Authorities a letter attached as Attachment-4) advising the Courts decision to them, which went unheeded.

Plaintiff will have the Court notein its order in Ruling on the defendants cross-motion for Summary Judgment in Section III. Discussion at no time did plaintiff bring a claim alleging personal involvement of the defendants in placement in Administrative Segregation in his Complaint for 1998, see No. (3), which should be an equal protection claim.

Lastly, the Court failed in considering plaintiff motion for Summary Judgment, and supporting document before considering defendants cross-

(3)

motion for Summary Judgment although plaintiff's motion was filed first, but not considering his supporting documents.

Plaintiff would refute defendants argument that he has no enforceable expectancy in release on parole from his New Hampshire sentence. See Knox v. Lanham, 895 F.Supp. 750, 757 (D. Md. 1995), aff'd sub nom. Worsham v. Lanham, 76 F.3d 377 (4th Cir. 1996) (finding ex post facto violation where change in prison classification of "lifers" prevented participation in work release that was requirement for parole, and noting that "far from creating speculative and attenuated risk," the change "directly impact[ed]" the inmate's actual chance of parole).

The Court must realize if plaintiff was confined in New Hampshire he would not be required to obtain a Vote-to-Parole before being eligible for reduced classification, and would not be denied minimum security classification based on a prior Sexual Assault Conviction, and the fact remains as long as plaintiff confined and manage according to Connecticut Classification guidelines, and not New Hampshire all his chances to obtain parole are foreclosed.

Wherefore, Plaintiff would request this honorable Court to reconsider its prior ruling, and find a liberty, and Equal Protection claim under the New England Corrections Compact.

(4)

Respectfully Submitted,

*Robert Reid*
Robert Reid, Pro Se. Plaintiff
Corrigan, C.I. / F-Pod #111
986 Norwich-New London Tpke
Uncasville, Ct. 06382

## Certification

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the federal Rules of Civil Procedures on April 8th, 2005 to Terrence O'Neill Assistant Attorney General at 110 Sherman Street Hartford, Ct. 06105.

*Robert Reid*
Robert Reid Pro Se.