UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

Robert Reid, pro.se.,
    Plaintiff,

V.

Commissioner. Ct. Dept. of Corrs.
et. al.    Defendants.

FILED
2005 AUG 24 P 4:16
U.S. DISTRICT COURT
BRIDGEPORT, CONN

PRISONER CASE NO.
3:03-CV-208(JCH)

## PLAINTIFFS REQUEST FOR AN ORDER

Now comes plaintiff Robert Reid in his status as a pro.se. litigant requesting this honorable Court to enter an order on Plaintiffs Motion for Reconsideration dated April 8, 2005 so he may advance these proceedings. Plaintiff states the following:

1) Plaintiff requested these claims he allege be looked at pursuant to the Equal Protection Clause, which the Court overlooked in the initial decision dated March 29, 2005.

2) Plaintiff has been waiting for the Courts decision on his motion for reconsideration for over four (4) months now.

### A.    Summary

Plaintiff alleges that defendants have abridged his right to equal protection by denying him classifications level reductions afforded other New Hampshire inmates. As a result, he is prevented from meeting conditions imposed

1 of 5

by the parole board and unable to demonstrate his readiness for parole.

The Equal Protection Clause of the fourteenth amendment mandates that similarly situated persons be treated alike absent a rational basis for doing otherwise. See City of Cleburne v. Cleburne Living Ctr., Inc. 473 U.S. 432, 440 (1985) (citing Plyler v. Doe, 457 U.S. 202, 216 (1982)); accord Village of Willowbrook v. Olech, 528 U.S. 562, 562, 564 (2000) (recognizing equal protection claim where plaintiff alleges that he has been intentionally treated differently from others similarly situated and there is no rational basis for the difference in treatment). While some jurisdictions have held that, for equal protection purposes, inmates transferred pursuant to an interstate compact are similarly situated to inmates in the receiving state, see Stewart v. McManus, 924 F.2d 138, 142 (8th Cir. 1991) and Tucker v. Angelone, 954 F. Supp. 134, 136 (E.D. Va. 1997), others have held that such inmates are similarly situated to those in the sending state. See Carillo v. Dubois, 23 F. Supp. 2d 103, 109 (D. Mass. 1998). In Carillo, a case factually similar to this case, the court held that an inmate incarcerated out-of-state was subject to the parole authority of the sending state and therefore was not similarly situated to inmates in the receiving state. Id. at 106 (holding that inmate convicted under laws of Rhode Island and subject to its parole authorities cannot be similarly situated to Massachusetts inmates).

Like the inmate in Carillo, Plaintiff was transferred from New Hampshire to Connecticut pursuant to the New England Interstate Corrections Compact ("Compact"). N.H. Rev. Ann. § 622-A et seq.; C.G.S.A. §§ 18-102 to 18-104. Inmates confined pursuant to the terms of the Compact are subject to the jurisdiction of the sending state C.G.S.A §§ 18-102 to 18-104, Art. IV(c). Section IV(e). Also see N.H. Rev. Stat. Ann. § 622-A, Art. IV.(c). sect. IV(e).

For equal protection purposes, Plaintiff must not be deemed similarly situated to inmates convicted under the laws of Connecticut, as Connecticut inmates are not subject to the parole jurisdiction of New Hampshire. See Carillo, 23 F. Supp. 2d at 106 ("Because inmates in one jurisdiction are subject to a different parole authority from

inmates in the other jurisdiction, its pointless, for equal protection purposes, to treat an inmate subject to the parole jurisdiction of Massachusetts parole authorities."].

For purposes of parole consideration, Plaintiff must be similarly situated to inmates convicted under the laws of New Hampshire and subject to its penal and parole authorities.

### B. Due Process Claims

Plaintiff complaint alleges that under federal law and the Compact, he has a liberty interest in privileges he would have received had he been incarcerated in New Hampshire. By denying him those privileges defendants have abridged his fourteenth Amendment right to due process.

The Due Process Clause of the Fourteenth Amendment prohibits any state from depriving a person of life, liberty or property without due process of law. U.S. Const. amend XIV. The Supreme Court has made it clear that "[t]he Due Process Clause standing alone confers no liberty interest in freedom from state actions taken 'within the sentence imposed.'" Sandin v. Conner, 515 U.S. 472, 480 (1995) (quoting Hewitt v. Helms, 459 U.S. 460, 468 (1983). The Supreme Court has also acknowledged that a state may under certain circumstances create a liberty interest implicating the Due Process clause:

> [T]hese interest will be generally limited to freedom from restraint which, while not exceeding the sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of its own force ···· Nonetheless imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.

See Sandin, 515 U.S. at 483-84 (citing Board of Pardons v. Allen, 482 U.S. 369 (1987)); accord Dominique v. Weld, 73 F.3d 1156, 1159 (1st Cir. 1996).

Plaintiff argues, however, that he has acquired a liberty interest in his eligi-

bility for minimum security, by operation of certain provisions of the Compact. Plaintiff maintains that it is the direct relationship of minimum security status to parole that creates a protected liberty interest. (Complaint at para. 29) In support of plaintiff's argument he relies upon Cacilla v. DuBois, 23 F.Supp. 2d 103, 109 (D. Mass. 1998), a case factually similar to his, where an inmate subject to an interstate transfer was not considered for parole without first attaining a minimum security classification. Analyzing similar provisions of the Compact to which plaintiff cites, the Cacilla court held that because the inmate would have been eligible for minimum classification in the sending state he had a liberty interest in eligibility for a minimum security placement.

Plaintiff cites to Article IV(e) of the Compact, which provide that inmates confined pursuant to its terms are subject to the jurisdiction of the sending state. See C.G.S.A. §§ 18-102 to 18-104, Article IV(c). Article IV(e) further provides that inmates "shall be treated equally with such similar inmates of the receiving state as may be confined in the same institution ... and [t]he fact of confinement in a receiving state shall not deprive any inmate so confined of any legal rights which said inmate would have had if confined in a appropriate institution in the sending state." Also see N.H. Rev. Stat. Ann. § 622-A, Art. IV(e). Plaintiff also relies upon Article IV(h) of the Compact which provides:

> Any inmate confined pursuant to the terms of this Compact shall have any and all rights to participate in and derive any benefits or incur or be relived of any obligations or have such obligations modified or his status changed on account of any action or proceeding in which he could have participated if confined in any appropriate institution of the sending state located within such state.

Despite its mandatory language, the Compact is insufficient to create a liberty interest in privileges plaintiff would have enjoyed in New Hampshire. See Cacilla, 23 F. Supp. 2d at 108 (citing Sandin, 515 U.S. at 482) (criticizing reliance upon mandatory language as a source of a liberty interest)). Plaintiff to establish a liberty interest he must demonstrate that his inability to be considered for a minimum security classification imposes an "atypical and significant hardship in relation to the ordinary

incidents of prison life." Id. Like the inmate in Cacillo, its clear that plaintiff cannot achieve parole without first attaining a minimum classification, and his ineligibility for minimum security pursuant to Connecticuts guidelines forecloses said placement and is "dispositive of his fate as to parole." Id. Although attaining the classification would not necessarily guarantee plaintiff's release, minimum security is nevertheless a prerequisite for his parole consideration. Id.

Lastly, plaintiff will remain ineligible for parole pursuant to Connecticuts classification guidelines if continued, because without first attaining a minimum security classification, which he would have been eligible for pursuant to New Hampshire classification guidelines. This being said, the Court should conclude that plaintiff has a liberty interest in eligibility for a minimum security placement under Sandin and Cacillo.

Wherefore, Plaintiff would request the Honorable Court enter an immediate order consistent with the record before it.

Respectfully Submitted,

Robert Reid

Robert Reid, pro se, Plaintiff.
Corrigan, C.I.
986 Norwich-New London tpke
Uncasville, Ct. 06382

## CERTIFICATION

I hereby certify that a copy of the foregoing was mailed in accordance with Rule 5(b) of the Federal Rules of Civil Procedures on August 22nd, 2005 to Terrence O'Neill Assistant Attorney General at 110 Sherman Street Hartford, Ct. 06105.

Robert Reid

Robert Reid, pro, se.