UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT REID | : | |
|     Plaintiff | : | |
| | : | PRISONER CASE NO. |
| v. | : | 3:03-cv-208 (JCH) |
| | : | |
| JOHN ARMSTRONG, ET AL | : | MARCH 28, 2006 |
|     Defendants | : | |

**RULING RE: PENDING MOTIONS**

Pending before the court is the plaintiff's Motion for Reconsideration of the court's Ruling on cross-motions for summary judgment and Motion to Reopen Judgment. For the reasons set forth below, the Motion for Reconsideration and Motion to Reopen are GRANTED.

**I.     Motion for Reconsideration [Doc. No. 32]**

On March 29, 2005, the court granted the defendants' motion for summary judgment as to plaintiff's Due Process claims regarding his classification level and right to parole and denied plaintiff's motion for summary judgment. The plaintiff now asks the court to reconsider its conclusion that he did not have a protected liberty interest in his request for re-classification to a lower security level.

The standard for granting a motion for reconsideration is strict. See Shrader v. CSX Transp., Inc., 70 F.3d 255, 257 (2d Cir. 1995). Such a motion generally will be denied unless the "moving party can point to controlling decisions or data that the court overlooked--matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Id. Thus, "the function of a motion for reconsideration is to present the court with an opportunity to correct 'manifest errors of law or fact or to consider newly discovered evidence . . . .'" LoSacco v. City of

Middletown, 822 F. Supp. 870, 876-77 (D. Conn. 1993) (quoting Rothwell Cotton Co. v. Rosenthal & Co., 827 F.2d 246, 251 (7th Cir. 1987)), aff'd, 33 F.3d 50 (2d Cir. 1994). "[A] motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." Horsehead Resource Dev. Co., Inc. v. B.U.S. Envtl. Serv., Inc., 928 F. Supp. 287, 289 (S.D.N.Y. 1996) (internal citations and quotations omitted).

      Here, the plaintiff has failed to point out any errors of law or fact that the court overlooked in granting the defendants' motion for summary judgment and denying his motion for summary judgment. Rather, the plaintiff simply disagrees with the court's conclusion that classification decisions concerning inmates transferred to Connecticut from New Hampshire Department of Corrections are governed by the laws and regulations of the State of Connecticut. The plaintiff attempts to argue that the court did not consider evidence that the defendants failed to comply with an August 2003 Order issued by a New Hampshire Superior Court Judge in plaintiff's state habeas petition directing New Hampshire prison officials to communicate with Connecticut prison officials regarding the plaintiff's classification level. This claim was not in the plaintiff's complaint which was filed in January 2003.[1] Because the claim was not before the court when it ruled on the motions for summary judgment, the court did not err in failing to consider it.

---

[1] A complaint cannot be amended by a motion for reconsideration. See Natale v. Town of Darien, No. Civ. 3:97CV583 (AHN), 1998 WL 91073, at *4 n. 2 (D. Conn. Feb. 26, 1998) (holding plaintiff may not amend complaint in memorandum of law) (citing Daury v. Smith, 842 F.2d 9, 15-16 (1st Cir. 1988)); Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc., 723 F. Supp. 976, 987 (S.D.N.Y. 1989) (same).

Accordingly, the Motion for Reconsideration [**Doc. No. 32**] is **GRANTED**. After reconsideration, the court's ruling on cross-motions for summary judgment is **AFFIRMED**.

## II.     Motion for Order [Doc. No. 34]

The plaintiff argues that the court should reopen the judgment entered in this case because the court did not address his Equal Protection Clause claim in the ruling on the cross-motions for summary judgment. The court has reviewed the plaintiff's complaint and notes that the plaintiff generally states that he was confined under conditions which violated the Fourteenth Amendment's Equal Protection Clause. The only other mention of an equal protection claim is in paragraph twenty-seven of the complaint. The plaintiff alleges that he was treated differently than other inmates at Corrigan Correctional Institution ("Corrigan") who were eligible for a level reduction from four to three if they had served 35% of their sentence. Neither the plaintiff nor the defendants addressed this Equal Protection Clause claim in their motions for summary judgment.

Because it is apparent from the plaintiff's complaint that he has raised a claim that the defendants violated his rights under the Equal Protection Clause of the Fourteenth Amendment and the court did not dispose of that claim in the ruling on cross-motions for summary judgment, that claim remains pending. Accordingly, judgment should not have entered as to all claims. The plaintiff's Motion for Order [**Doc. No. 34**] which the court has construed as a motion to reopen judgment is **GRANTED**. The Judgment entered on March 30, 2005 [**Doc. No. 31**] is **VACATED**.

The Clerk is directed to reopen this case. The court corrects the title of the Ruling [Doc. No. 30] to read: "Ruling Re: Cross-Motions for Partial Summary Judgment [Doc. Nos. 16, 24]." The court also corrects the first sentence of the Conclusion section of its Ruling [Doc. No. 30] to read: "The defendants' Motion for Partial Summary Judgment [Doc. No. 24] is GRANTED" and the second sentence of the Conclusion section to read: "The plaintiff's Motion for Partial Summary Judgment [Doc. No. 16] and Motion to Strike defendants' Motion for Partial Summary Judgment [Doc. No. 27] are DENIED." The last sentence of the Conclusion section that reads: "The Clerk is directed to enter judgment in favor of the defendants and close this case" is stricken from the Ruling. Further, the court directs the Clerk to make a docket entry reflecting that the Ruling [Doc. No. 30] was a "Ruling on Cross-Motions for Partial Summary Judgment [Doc. Nos. 16, 24] and plaintiff's Motion to Strike defendants' Motion for Partial Summary Judgment [Doc. No. 27]."

The defendants are permitted twenty days to file a motion for summary judgment addressing the Equal Protection Clause claim as it is set forth in the complaint. If the defendants choose not to file a motion for summary judgment, the case will proceed to trial.

**SO ORDERED.**

Dated this 28th day of March, 2006, at Bridgeport, Connecticut.

/s/ Janet C. Hall
Janet C. Hall
United States District Judge