UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| ROBERT A. REID | :CIVIL NO. 3:03cv208 (JCH) |
| v. | : |
| JOHN ARMSTRONG, Et Al., | :NOVEMBER 16, 2006 |

### DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE

The undersigned, as counsel for the defendants, files this response to the court's November 9, 2006 Order to Show Cause.

This matter was brought by pro se plaintiff Robert Reid, a New Hampshire inmate who, for a time, was housed in correctional facilities here in Connecticut. At some point during the pendency of this action, the plaintiff returned to custody in New Hampshire. He did not leave a forwarding address with correctional officials or notify the court of his change of address.

On January 20, 2006, the court issued a Pro Se Pretrial Order requiring the defendants to prepare a trial memorandum and setting a date for a pretrial conference, which the pro se plaintiff was to attend by telephone. Pursuant to the court's order, the defendants were required to provide a copy of their proposed trial memorandum to the plaintiff by September 15, 2006 and the plaintiff was required to respond to that memorandum by November 1, 2006. The defendants were also required to file their memorandum with the court on November 1, 2006.

After preparing the trial memorandum, the undersigned checked the online listing of inmates and their locations to determine where the plaintiff was housed and learned that he had discharged from Connecticut custody. Also checking the court's online docketing system, the

undersigned determined that the plaintiff had not revised his mailing address with the clerk of the court.

Shortly thereafter, in early October, the undersigned learned from counsel representing the plaintiff in another pending matter that the plaintiff had returned to New Hampshire and was incarcerated there. Also at that time, the undersigned had a conversation with a representative of the court's staff counsel's office, either Attorney Donna Thomas or Attorney Cynthia Earle, regarding Mr. Reid's location. Either Attorney Thomas or Attorney Earle indicated that the court was likely to issue an order to the plaintiff to file a written notice of his current address by November 1, 2006. That order did, in fact, issue on October 11, 2006, and the undersigned received notice of the plaintiff's change of address on November 2, 2006. Knowing that the plaintiff had been notified by the court of his need to communicate his address change with the court, and that the plaintiff presumably had no knowledge of the court's order regarding the filing of a trial memorandum, the undersigned assumed that the order would be moot or at least subject to revision once the plaintiff notified the court of his change of address, or alternatively, that the case would be dismissed.

The defendant has sent the trial memorandum to the plaintiff along with this response to the court's order to show cause.

With respect to the assessment of a sanction, the undersigned would point out that the entry of judgment in favor of the defendants would unduly punish the individual defendants for actions of which they had no knowledge. It was the undersigned counsel's responsibility to comply with the orders of the court, and if the court determines that a sanction is warranted, it should not be so severe as to preclude the defendants from defending this action.

Counsel greatly regrets that this matter has caused the court any inconvenience and asks that the above explanation be deemed sufficient to persuade the court that sanctions should not enter.

DEFENDANTS:
JOHN ARMSTRONG, ET AL.,

RICHARD BLUMENTHAL
ATTORNEY GENERAL

BY:  _____/s/_____
Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct10835
E-Mail:  terrence.oneill@po.state.ct.us
Tel: (860) 808-5450
Fax: (860) 808-5591

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 16th day of November, 2006:

Robert Reid, No. 18258
Northern Correctional Facility
138 East Milan Road
Berlin, NH 03570

                                                                                                      _____/s/_____
                                                                                                       Terrence M. O'Neill
                                                                                                          Assistant Attorney General