UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT REID                                        CIVIL ACTION NO.
            Plaintiff,                             3:03CV208(JCH)

V.

JOHN ARMSTRONG, ET AL
            Defendants.

TRIAL MEMORANDUM

I. TRIAL COUNSEL

For the Plaintiff:                    For the Defendant:

Robert Reid, pro se                   Terrence M. O'Neill
Northern Correctional Facility        Assistant Attorney General
138 East Milan Road                   110 Sherman Street
Berlin, NH 03570                      Hartford, CT 06105

II. JURISDICTION
    Federal question

III. JURY/NONJURY
     Jury Trial

## IV. LENGTH OF TRIAL

The plaintiff estimates 2 days.

## V. NATURE OF THE CASE

Plaintiff is a prisoner of the State of New Hampshire Department of Corrections, who was involuntarily transferred to the State of Connecticut Department of Correction to continue serving his 10 to 30 year sentence. On March 23, 2001 plaintiff was transferred from Cheshire Correctional Institution to Corrigan Correctional Institution both of which are maximum security Level-4 Institutions. Plaintiff's transfer was pursuant to the Corrections Compact. Plaintiff's right to equal protection was violated by denying him classification reviews, and consideration for level reductions and programming afforded other New Hampshire maximum security inmates. As a result, he was prevented from demonstrating his readiness for parole or meet conditions imposed by his parole board, which prevented from securing liberty on parole.

In this suit, Plaintiff who was sentenced a New Hampshire prisoner and subjecting his sentence to the classification process of a Connecticut sentenced prisoner ~~~~~~~~~ for purposes of parole said confinement itself constitutes (1) "imposes an atypical and significant hardship in relation to the ordinary incidents of prison life" which is in violation of the Fourteenth Amendment and (2) deprivation of his liberty interest without due process of law which is a violation of his procedural protections. Plaintiff seeks monetary damages from each defendant. His damage includes suffering, mental anguish and violation of his constitutional rights. Given the nature of the case, these damages cannot be itemized.

VI. <u>PLAINTIFF'S CONTENTIONS</u>

A) The plaintiff contends that the defendants were acting under the color of state law;

B) The plaintiff contends that the conditions he is confined under in Connecticut impose an atypical and significant hardship in relation to the ordinary incidents of prison life for a New Hampshire to be subjected to while so confined;

C) The plaintiff contends that his confinement from ~~September~~ March 23, 2001 up until July 2005 was a deprivation of his liberty interest without due process of law which is a violation of his procedural protections under the Equal Protection Clause of the Fourteenth Amendment of the United States Constitution, and the New England Interstate Corrections Compact and the Contract implementing it;

VII. <u>DEFENDANTS' CONTENTIONS</u>

VIII. <u>STIPULATED FACTS</u>

A) Plaintiff is an inmate sentenced to a 10 to 30 years period by the state of New Hampshire who was transferred pursuant to the New England Interstate Corrections Compact, but who, at all relevant times has served his sentence at the state of Connecticut Corrigan Correctional Institution.

B) At all relevant times, the defendant John Armstrong was employed

As Commissioner of the Connecticut Department of Corrections and acting under color of state law;

C) At all times, the defendant George Wezner was employed as Warden of Corrigan Correctional Institution by the Connecticut Department of Corrections and acting under color of state law;

D) At all times, the defendant Joanne Borden was employed as Correctional Counselor Supervisor of Corrigan Correctional Institution by the Connecticut Department of Corrections and acting under color of state law;

E) At all times, the defendant Gary Credit was employed as a Correctional Counselor of Corrigan Correctional Institution by the Connecticut Department of Corrections and acting under color of state law;

F) The state of Connecticut Department of Corrections maintains a contract with New Hampshire Department of Corrections for implementation of the New England Interstate Corrections Compact.

G) The state of Connecticut Department of Corrections maintains Administrative directives governing classification/reclassification processes along with a Objective Classification Manual.

H) The plaintiff remained in maximum custody (Level-4) from 2000 until 2005 in the Connecticut Department of Corrections

I) It is the state of Connecticut Department of Corrections practice to deny any inmate who is serving a sentence for a sex related offense or having a history of sex related offense below

risk Level-3, which excluded plaintiff from obtaining A Level-2 custody

J). On or about July 9, 2001, the plaintiff wrote an "inmate request form" consisting of (3) page Appeal to defendant Wezner.

K) The state of Connecticut Department of Correction classification officials defendant Borden would review plaintiff status once again when he received a firm Vote to Parole (VTP) Date which has been granted by the Parole Board.

L). Because plaintiff was a maximum custody inmate when he had his parole hearing on August 8 2001 while in the Connecticut Department of Corrections, he was denied said parole with conditions that plaintiff complete and/or participate in an Anger Management program and gain Level-1 halfway house status

M) On November 24, 2002, plaintiff wrote to defendant Borden concerning the conditions the New Hampshire Adult parole board set for him.

N). On December 8, 2002 plaintiff wrote an letter to Connecticut's Interstate Coordinator concerning progression through it Classification system and the effect it has on my release.

O). On December 16, 2002, the plaintiff wrote an "inmate request form" to defendant Credit

P) On or about December 16, defendant Wezner became aware via Copy of Lynn Milling's letter informing plaintiff he had to be within eighteen months

of his maximum release date to be eligible for a halfway house, denied a level reduction to overall 3 based on the maximum portion of his sentence remaining;

R) On December 26, 2002, the plaintiff wrote an "inmate request form" once again to defendant Credit inquiring what would it take to become eligible for a level-3 placement;

S) Plaintiff at all time relevant to this suit was maintained a level-4 maximum security inmate by the Connecticut Department of Corrections.

IX. CONTESTED ISSUES OF FACT

A) It is contested that plaintiff is under New Hampshire classification procedures while confined in the State of Connecticut Department of Corrections;

B) It is contested that defendants applying Connecticuts Department of Correction Classification procedures effected plaintiffs ability to demostrate his readiness for parole.

C) It is contested that plaintiff is similarly situated as New Hampshire Inmates pursuant to both the New England Interstate Corrections Compact, and the Contract which implements said contract;

D) It is contested that the plaintiff's confinement in Connecticuts Department of Correction from 2000 to 2005 "imposed atypical and significant hardship in relation to the ordinary incidents of prison life."

## X. CONTESTED ISSUES OF LAW

A) Was the plaintiffs' stay in Corrigan Correctional Institution sufficient to state a claim that he suffered a deprivation of a protected liberty interest;

B) Did the defendants inaction to modify plaintiffs classification and/or immediately return him back the sending state impose atypical and significant hardship in relation to the ordinary incidents of prison life.

C) Did the defendants action deny plaintiffs Equal, and Procedural protections when he received no notification nor opportunity to participate in any reclassification review;

D) In regard to all the plaintiff's claims, if a violation of a constitutional right has been proven, are the defendants entitled to qualified immunity;

## XI. WITNESSES

### Plaintiff's Witnesses

1. The plaintiff will testify about all allegations in the Complaint;
2. The defendant John Armstrong will testify as to the Corrections Enterstate Compact, and rules, regulations, and policies of the State of Connecticut Department of Corrections;

3. The defendant Warden George Wezner will testify as to why plaintiff was subjected to rules, regulations, and policies even if inconsistent with his sentence as a New Hampshire Inmate;

4. The defendant Joanne Borden will testify as to the classification procedures, and the denial of level reduction because of;

5. The defendant Gary Credit will testify as to classification notifications, and the classification review conduct if any on plaintiff while at Corrigan, C.I,

~~Defendants' Witnesses~~

XII. EXHIBITS

Plaintiff's Exhibits

R-1. Connecticut Department of Corrections Objective Classification Manual;

R-2. New Hampshire Department of Corrections Classification Handbook;

R-3. Connecticut Department of Corrections Administrative Directive 9.2, and the cover Revision Form

R-4   The states of New Hampshire and Connecticut Contract for the implementation of the Interstate Corrections Compact;

R-5   Letter dated May 1, 2001 entitled "Classification Level four (4), and escape Risk & Transfer to a pretrial facility.

R-6   Correspondence dated May 30, 2001 from Director offender Classification and Population Management;

R-7   Inmate Request Form dated July 9, 2001 to Warden Weaver Appealing Classification;

R-8   Notice of Classification hearing dated July 6, 2001

R-9   Inmate Request Form dated November 24, 2002 to defendant Borden Correction Counselor Supervisor;

R-10   Correspondence dated December 8, 2002 in reference to denial by Classification official to progress plaintiff through the system;

R-11   Inmate Request Form dated December 16, 2002 to defendant Counselor Credit;

R-12   Correspondence dated December 16, 2002 from the state of Connecticut Department of Corrections Interstate Compact office;

R-13   Inmate Request form dated December 26, 2002 to defendant Counselor Credit;

R-14   Affidavit of Plaintiff Robert Reid.

R-15. Inmate Request form dated May 6, 2002 to defendant Warden Werner

R-16. Inmate Request form dated May 6, 2002 to defendant counselor Supervisor Borden;

R-17. Inmate Request form dated June 24, 2001 to defendant counselor Supervisor Borden;

R-18. Minutes of New Hampshire Adult Parole Board dated August 5, 2002

R-19. Correspondence from plaintiff to Connecticut's Interstate Coordinator dated Sept 22, 2003;

R-20. Correspondence from New Hampshire Administrator of Classification to Connecticut's Interstate Compact office date Sept 5, 2003

R-21. State of New Hampshire Court order dated August 15, 2003;

Defendants' Exhibits

XIII. DEPOSITIONS
    NONE

XIV. JURY INSTRUCTIONS
    See Attached

XV. EVIDENTIARY PROBLEMS
    NONE

**XVI.** **Proposed Finding of Fact and Conclusions of law**

Whether plaintiff for Equal Protection purposes is manage by Connecticut or New Hampshire Classification for purposes of parole eligibility.

**XVII.** **Trial Time**

The plaintiff estimate that it will take 2-3 days.

**XVII.** **Further Proceedings**
      NONE

                                                              THE PLAINTIFF

                                                              *Robert Reid*
                                                              Robert Reid pro se, Plaintiff
                                                              Northern Correctional Facility
                                                              138 East Milan Road
                                                              Berlin, N.H. 03570


**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 26th day of November, 2006:

Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, Ct. 06105

                                                              *Robert Reid*
                                                              Robert Reid, pro se