UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT A. REID | : | CIVIL NO. 3:03CV208 (JCH) |
| v. | : | |
| JOHN ARMSTRONG, ET AL. | : | DECEMBER 12, 2006 |

## DEFENDANTS' REQUESTS TO CHARGE

**Defendants' Proposed Jury Instructions**

BURDEN OF PROOF

1. I shall shortly instruct you on the elements of plaintiff's section 1983 claim, and on the elements of defendant's affirmative defenses. [1]

2. The plaintiff has the burden of proving each and every element of his section 1983 claim by a preponderance of the evidence. If you find that any one of the elements of plaintiff's section 1983 claim has not been proven by a preponderance of the evidence, you must return a verdict for the defendant.

3. Now, what do I mean by a fair preponderance of the evidence? What is the measure of this weight or burden? Well, it is simply this: the plaintiff has the burden of proving by the better evidence, the weightier evidence, that the proposition or propositions which he advances are so, that they are true. Of course, you cannot literally weigh evidence on an imaginary pair of scales, although we use that term. But, if you could weigh evidence on an imaginary pair of

---

[1] Unless otherwise specified paragraphs 1-19, were adapted from instructions utilized by the Court in the case of *Coleman v. Siedel,* 533 F.Supp. 593 (D.Conn. 1980).

scales for or against a proposition, if it were in balance, that is, equal balance, then the burden that the plaintiff is required to meet would not be met.

    4. If from all the evidence, you cannot tell whether a proposition has been sustained or not, of necessity you have to find that the burden has not been met. But, if it preponderates - that is, if the evidence produced by the plaintiff who has the burden of proof ever so slightly in his favor, then that burden has been met. You will note that the rule in a civil case does not require that proof must be beyond a reasonable doubt; such is the rule only in criminal cases.

    5. All of the testimony must be weighed by you, including that which is brought out on cross-examination and that which the defendant himself has presented and all the facts admitted in the pleadings and the other evidence in the case, in determining whether or not the plaintiff has established his claims by a fair preponderance of the evidence.

    6. In this case, in determining whether or not the plaintiff has established and proved by a fair preponderance of the evidence the allegations of his complaint, the Court makes reference to the words "prove" or "find" with reference to the burden which rests upon the plaintiff here. However, throughout this jury charge you will understand, when I say the plaintiff has to prove a fact to you or that you may find a fact based upon the proof in the case, I mean that he must prove to you with this degree of proof that I have just defined; that is by a fair preponderance of the evidence, even though I simply use the word "prove" or the word "find."

    7. In other words, in a civil action, such as this, the burden is on the plaintiff to prove this claim by a preponderance of the evidence. If he should fail to do so, then you would find for that defendant. To "establish by a preponderance of the evidence" means to prove that something is more likely so than not so. In other words, a preponderance of the evidence in the

case means such evidence as, when considered and compared with that opposed to it, has more convincing force, and produces in your minds belief that what is sought to be proved is more likely true than not true.

    8. Putting it another way, "establishing something by a preponderance of the evidence" means that you are convinced what is claimed to have happened, most likely did so. It is the plaintiff's burden to produce evidence, if he can, that will convince you that the actions of a defendant as applied to the plaintiff, violated the law.

    9. Before you can find for the plaintiff, therefore, against any of the defendants you must find that the plaintiff has carried his burden of proof by proving his allegations against that defendant by a fair preponderance of the evidence.

    10. It is not required that each defendant come into Court and attempt, if he does not so desire, to dispute the claims of the plaintiff or to minimize the damages which he claims; and he is not required to produce any evidence one way or another.

    11. Each defendant has the burden of proving each element of his or her affirmative defenses. I shall shortly instruct you on the elements of these defenses. If you find that any one of the elements of defendant's defenses has not been proven by a preponderance of the evidence, you must disregard the defense.

    Gomez v. Toledo, 446 U.S. 635, 100 S.Ct. 1920, 64 L.Ed.2d 572 (1980); Coleman v. Siedel, 533 F.Supp. 593 (D.Conn. 1980).

WITNESSES

12. Now with respect to the credibility of witnesses: The credibility of witnesses and the weight to be given to their testimony are matters in which it is peculiarly your function to determine.

13. In weighing the testimony of a witness you should consider his or her appearance upon the witness stand; you should try to size the witness up; you should have in mind all those little circumstances which point up to his truthfulness or untruthfulness. You should consider any possible bias or prejudice he may have, whether for or against the plaintiff or a defendant; his interest or lack of interest, of whatever sort, in the outcome of the trial and whether he has permitted bias or interest to color his testimony; his ability to observe the facts correctly and to remember and relate them truly and accurately and not exaggerate them.

14. You should test the evidence the witness gives by your own knowledge of human nature and of the motives which influence and control human action. If any facts are admitted or otherwise proved to you, you may well bring them into relation with the witnesses' testimony and see if they fit together with it. In short, you are to bring to bear upon such testimony the same conditions and use the same sound judgment you apply to the questions of truth and veracity which are daily presenting themselves for your decision in your everyday life.

15. The credit that you will give to the testimony offered by the various witnesses is, as I say, something which you must determine. When a witness testifies inaccurately and you do not think that the inaccuracy was consciously dishonest, you should bear in mind, and scrutinize the whole testimony of that witness. Thus, if you find that there has been inaccuracy in one respect on the part of a witness, remember it in judging the rest of his testimony, and give it that weight

which your common sense leads you to think it ought to have, and which you would attach to it in ordinary affairs of life.

16. If, however, you conclude that a witness has not only testified falsely but that he had done so intentionally or willfully, the fact casts a very serious doubt upon all his testimony, and you might well conclude that you cannot accept any of it.

17. You have heard the testimony of witnesses, including the plaintiff, who were previously convicted of crimes punishable by more than one year in jail. These prior convictions were put into evidence for you to consider in evaluating the witness' credibility. You may consider the fact that the witness who testified is a convicted felon in deciding how much of his testimony to accept and what weight, if any, it should be given.

United States v. Corcione, 592 F.2d 111 (2d Cir.), cert. denied, 440 U.S. 975 (1979); Modern Federal Jury Instructions, §76.01, Instruction 76-6. Rule 609(a), Federal Rules of Evidence.

### EXPERT WITNESSES

18. An expert is allowed to express his opinion on those matters about which he has special knowledge and training. Expert testimony is presented to you on the theory that someone who is experienced in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

19. Commissioner Armstrong, all of the defendants and most of defendants witnesses in this case are experts in some way or another in the area of maintaining security and order in a correctional facility. In weighing the expert's testimony, you may consider the expert's qualifications, his opinions, his reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness' testimony. You

may give the expert testimony whatever weight, if any, you find it deserves in light of all of the evidence in this case. You do not have to accept an expert witness' testimony merely because he is an expert. Nor should you substitute it for your own reason, judgment and common sense. The determination of the facts in this case rests solely with you.

<u>Authority for paragraphs 18-19</u>: Modern Federal Jury Instructions, §76.01, Instruction 76-9

<u>SECTION 1983</u>

20. This case comes before the Federal Court because the plaintiff alleges that each of the defendants has denied him his lawful rights secured by the Constitution of the United States and under section of federal law known as the Civil Rights Act, Title 42, United States Code, Section 1983.

21. This statute provides, in part, and we are quoting, "Every person who, under color of statute ... of any State ... subjects, or causes ... any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured ...."

<u>Elements of a Section 1983 Claim</u>

22. To establish a claim under section 1983, the plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of state law;

Second, that this conduct deprived the plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that the defendant's acts were the proximate cause of the injuries and consequent damages sustained by the plaintiff.

I shall now examine each of the three elements in greater detail.

Authority:  Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-68;  Parratt v. Taylor, 451 U.S. 527, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981).

23.  First Element - Action Under Color of State Law

Definition

The first element of the plaintiff's claim is that the defendant acted under color of state law.  Action under color of state law means action that is made possible only because the actor is clothed with the authority of the state.

Authority:  Adickes v. S.H. Kress Co., 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961); Screws v. United States, 325 U.S. 91, 65 S.Ct. 1031, 89 L.Ed. 1495 (1945); United States v. Classic, 313 U.S. 299, 61 S.Ct. 1031, 85 L.Ed. 1361 (1941); Hague v. C.I.O., 307 U.S. 496, 59 S.Ct. 954, 83 L.Ed. 1423 (1939); Home Telephone & Telegraph Co. v. City of Los Angeles, 227 U.S. 278, 33 S.Ct. 312, 57 L.Ed. 510 (1913); Ex parte Virginia, 100 U.S. 339, 25 L.Ed. 676 (1880).

There is no dispute in this case that each defendant was acting "under color" of state law.  Your determination should, therefore, focus on whether one or more of the defendants committed acts which caused plaintiff to be deprived of his constitutional rights and whether said deprivation caused plaintiff any harm.

### Second Element - Deprivation of Right

24. The second element of the plaintiff's claim is that he was deprived of a federal right by the defendant

### Restrictive Housing

25. Plaintiff alleges that he was wrongfully placed in a more restrictive setting while in prison in Connecticut than he should have been.

26. A lawfully incarcerated person retains only a narrow range of protected liberty interests. <u>Sandin v. Conner</u>, ___ U.S. ____, 115 S.Ct. 2293 (1995). The transfer of an inmate from one institution to another is unprotected by the Due Process Clause, even if the change of facilities modifies the conditions of plaintiff's confinement. <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25, 96 S.Ct. 2532 (1976) <u>reh'g denied</u> 429 U.S. 873, 97 S.Ct. 191 (1976); <u>Montanye v. Haynes</u>, 427 U.S. 236, 243, 96 S.Ct. 2543 (1975). Plaintiff has no right to be incarcerated at any particular institution. <u>Meachum v. Fano</u>, 427 U.S. 215, 224-25, 96 S.Ct. at 2540-41. It thus necessarily follows that plaintiff has no right to be incarcerated in any particular area of a correctional facility.

27. Only the unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment. <u>Whitley v. Albers</u>, 475 U.S. 312, 106 S.Ct. 1078, 1084 (1986). The defendants' conduct must involve more than ordinary lack of due care for the inmate's interest or safety. <u>Whitley</u>, 106 S.Ct. at 1084.

28. It is intentional cruelty and wantonness, not mistake or error in good faith, that characterizes the conduct prohibited by the Eighth Amendment. <u>Whitley</u>, <u>supra</u>, at 1084.

29. The United States Supreme Court and the Connecticut Supreme Court have repeatedly observed that prison administrators are charged with the responsibility of ensuring the safety of prison staff, administrative personnel and visitors. Id.; Roque v. Warden, 181 Conn. 85, 434 A.2d 348 (1980).

30. Further, in order for you to find that a defendant violated the Eighth Amendment right of the plaintiff you must find that the defendant consciously disregarded a substantial risk of serious harm to the plaintiff. It is not sufficient for you to find that the defendant should have known of such risk; you must find that he had actual knowledge. Farmer v. Brennan, ___ U.S. ___, 114 S.Ct. 1970, 1979 (l994).

31. In addition, in making these judgments you shall not base your decision upon the 20/20 vision of hindsight. You must put yourselves in the place of the defendants during the very moments when these events were occurring and judge their actions as of that time and under those circumstances. Graham v. Connor, 490 U.S. 392, 396, 109 S.Ct. 1865, 1872 (1989); Johnson v. Glick, 481 F. 2d 1028, 1034 (2d. Cir.), cert. denied, 414 U.S. 1033, 94 S.Ct. 462 (1973). Prison life and relations "between the inmates and prison officials or staff, contain the ever-present potential for violent confrontation and conflagration." Wolf v.McDonnell, 418 U.S. 539, 561-62, 94 S.Ct. 2963, 2977-78 (1974). "Responsible prison officials must be permitted to take reasonable steps to forestall such a threat, and they must be permitted to act before the time when they can compile a dossier on the eve of a riot." Jones v. North Carolina Prisoners' Union, 433 U.S. 119, 132-33, 97 S.Ct. 2532, 2541 (1977). Keep in mind, "we are considering a large, confined population of convicted felons, not a nursery school." Battle v. Anderson, 788 F.2d 1421, 1426 (10th Cir. 1986). If reflection leads you to find that the defendants acted in a good-

faith effort to maintain and restore discipline, no constitutional violation has occurred. <u>Romano v. Howarth</u>, 998 F.2d 101, 105 (2d Cir. 1993).

 <u>Third Element:  Causation</u>

 32.  Proximate Cause - Generally

The third element which plaintiff must prove is that each defendant's acts were a proximate cause of the injuries allegedly sustained by the plaintiff.  Proximate cause means that there must be a sufficient causal connection between the act or omission of each defendant and any injury or damage allegedly sustained by the plaintiff.  An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing injury; that is, if the injury or damage was a reasonably foreseeable consequence of each defendant's act or omission, it was proximately caused by such act or omission.  In other words, if a defendant's act or omission had such an effect in producing the injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause.

 33.  In order to recover damages for any injury, the plaintiff must show by a preponderance of the evidence that such injury would not have occurred without the conduct of each of the defendants.  If you find that any defendant has proved, by a preponderance of the evidence, that the plaintiff complains about an injury which would have occurred even in the absence of that defendant's conduct, you must find that the defendant did not proximately cause the plaintiff's injury.

 34.  A proximate cause need not always be the nearest cause either in time or in space.  In addition, there may be more than one proximate cause of an injury or damage.  Many factors or

the conduct of two or more people may operate at the same time, either independently or together, to cause an injury.

    35. A defendant is not liable if plaintiff's injury was caused by a new or independent source of an injury, or the plaintiff's own actions, which intervenes or supersedes the defendant's act or omission and the plaintiff's injury and which produces a result which was not reasonably foreseeable by the defendant.

    36. <u>STATE OF MIND-NEGLIGENCE</u>

An act is negligent if the defendant was under a duty or obligation, recognized by law, that required him to adhere to a certain standard of conduct to protect others against unreasonable risks, and he breached that duty or obligation. Again, you may not find for the plaintiff against the defendants if you find that the defendants' actions were merely negligent.

    <u>Authority</u>: Modern Federal Jury Instructions, ¶ 87.03, Instruction 87-78.

<u>AFFIRMATIVE DEFENSES</u>

<u>QUALIFIED IMMUNITY</u>

    37. If you find that the defendants did not deprive the plaintiff of his constitutional rights, then you need not consider any of the defendants' special defenses. However, in the event that you should find that any of the defendants did deprive the plaintiff of his constitutional rights, the defendants still may not be liable to the plaintiff. This is so because in a §1983 action, an individual defendant, sued in his individual capacity, may be entitled to what is called qualified immunity. The defendants in this action are sued in their individual capacities.

38. Qualified immunity shields a defendant official from liability provided that his conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. I instruct you that at the time of the incident giving rise to this lawsuit, it was clearly established law that prison inmates enjoy a right protected by the Constitution to be free from cruel and unusual punishment. However, even where rights are clearly established, a defendant official will be entitled to qualified immunity if it was objectively reasonable for him to believe that his actions did not violate that clearly established right.

39. In other words, an individual defendant will not be entitled to qualified immunity if, at the time the actions complained of he knew or should have known that his actions were contrary to federal law. The simple fact that a defendant acted in good faith is not enough to bring him within the protection of this qualified immunity, nor is the fact that a defendant was unaware of the federal law.

40. In deciding what a competent official would have known about the legality of the challenged conduct, you must consider the nature of a defendant's official duties, the character of his official position, the information which was known to him or not known to him, and the circumstances which confronted him. You must ask yourself what a reasonable official in each defendant's situation would have believed about the legality of his or her conduct. You should not, however, consider what these defendants' subjective intent was, even if you believe it was to harm the plaintiff. You may also use your common sense. If you find that a reasonable official in a defendant's situation would believe this conduct to be lawful, then this element will be satisfied.

41. The defendants have the burden of proving that they neither knew or should have known that their actions violated federal law.  If a defendant convinces you by a preponderance of the evidence that reasonable correctional officers could disagree over whether his actions violated federal law, then you must return a verdict for that defendant, even though you may have previously found that the defendant in fact violated the plaintiff's constitutional rights under color of state law.

Authority for paragraphs 49-53:  Harlow v. Fitzgerald, 457 U.S. 800, 102 S.Ct. 2727 (1982); Scheuer v. Rhodes, 416 U.S. 232, 94 S.Ct. 1683 (1974); Anderson v. Creighton, 483 U.S. 635, 107 S.Ct. 3034 (1987); Malley v. Briggs, 475 U.S. 335, 106 S.Ct. 1092 (1986); Whitley v. Albers, 475 U.S. 312, 106 S.Ct. 1078, 1085 (1986).

DAMAGES

42. Because the plaintiff is making a claim for money damages in this case, I must discuss the law of damages with you.  You should not take this discussion to suggest that the defendants did violate the plaintiff's rights or that they did not act in good faith.  You should not consider the question of damages at all, unless you have first determined that the defendants did violate the plaintiff's rights and that they did not act in good faith.

43. I merely give you these instructions on the law of damages so that, in the event you do come to the conclusion that the plaintiff is entitled to recover, you will have sufficient guidance in arriving at a proper verdict.

44. And I want to repeat here that with regard to the matter of injuries and the matter of the damages, the same rule relative to the burden of proof on the plaintiff still applies. In other

words, the burden is on the plaintiff to prove these elements of damage by a fair preponderance of the evidence. Just as it was in connection with his claimed allegations on the issue of liability.

Authority for paragraphs 54-56: Eulo v. Deval Aerodynamics, Inc., 47 F.R.D. 35 (E.D.Pa. 1969) modified on other grounds 430 F.2d 325 (3d. Cir. 1970) cert. denied 401 U.S. 974, 91 S.Ct. 1189 (1971); Krieger v. Bausch, 377 F.2d 398 (10th Cir. 1967).

45. When monetary damages are sought in a lawsuit brought under Title 42, Section 1983 of the United States Code, such as in this case, the burden is on the plaintiff to prove that each defendant against whom money damages are sought was personally involved in or responsible for the alleged violation of the plaintiff's constitutional rights. Johnson v. Glick, 481 F.2d 1083.

46. If you find under the previous instructions that one or more of the defendants is liable to pay for damages you must say which of the defendants is so liable and what are the just damages which you have determined.

47. In this regard, you should keep in mind that although all of the defendants are officers or employees of the State of Connecticut, they are being sued in their individual capacities and hence are exposed to payment of any damages which you award in their individual capacity.

48. You may also keep in mind that the plaintiff is an inmate whose daily living expenses, including medical expenses, are being paid for by the State of Connecticut. Thus, in determining the amount of a damage award, you should also consider that all the plaintiff's medical expenses have been paid by the State of Connecticut.

49. There are two kinds of damages that you may consider. The first is compensatory damages. Compensatory damages represent a sum of money that will fairly, adequately and

reasonably compensate a person for harm proximately caused by another's conduct. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize a defendant. You shall award actual, or compensatory, damages only for those injuries which you find plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by a defendant. That is, you may not simply award actual damages for any injury suffered by plaintiff. Compensatory, or actual, damages cannot be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence. You may award compensatory damages only for those injuries which were proximately caused by the unconstitutional conduct of one or more of the defendants.

50. The law does not recognize an inherent or abstract monetary value of a constitutional right; therefore, no compensatory damages may be awarded for a violation of a constitutional right absent proof of actual injury or loss. If you do find that a defendant violated plaintiff's constitutional rights, but you do not find that the plaintiff suffered actual injury or loss by virtue of his constitutional rights having been violated, then you may only award nominal damages of no more than one dollar for each violation of plaintiff's constitutional rights.

Authority par. 61-62: Story Parchment Co. v. Paterson Parchment Paper Co., 282 U.S. 555, 51 S. Ct. 248 (1931); Kinty v. United Mine Workers of America, 544 F.2d 706 (4th Cir. 1976), cert. denied 429 U.S. 1093 (1977); Northwestern National Casualty Co. v. McNulty, 307 F.2d 432 (5th Cir. 1962); U.S. Castings Co. v. Knight, 754 F.2d 1363 (7th Cir. 1985); Luria Brothers & Co. v. Pielet Brothers Scrap Iron Metal, Inc., 600 F.2d 103 (7th Cir. 1979).

51. The second type of damages is called punitive damages. If you decide to award compensatory or nominal damages to the plaintiff, you may then consider whether or not to

award him punitive damages. The law permits the jury, under certain circumstances, to award punitive damages in order to punish a wrongdoer for some exceptional misconduct and to serve as an example or warning to others not to engage in wrongful conduct.

52. If you find that the acts of a defendant were done maliciously, wantonly, or in reckless or callous disregard or indifference to the federally protected rights of the plaintiff, then you may award punitive damages as you find proper.

53. Whether or not to make any award of punitive damages is a matter exclusively within the province of the jury. However, you must bear in mind that punitive damages are only allowed if you have first found that plaintiff is entitled to compensatory damages, even if such damages are nominal. You must also bear in mind that the law requires that punitive damages, if awarded, must be fixed with calm discretion and sound reason. They must never be awarded, or fixed in amount, because of bias, sympathy or prejudice with respect to any party to the case.

Authority for paragraphs 63-65: Memphis Community School District v. Stachura, 477 U.S. 299, 106 S. Ct. 2537, 91 L.Ed.2d 249 (1986); Smith v. Wade, 461 U.S. 30, 103 S. Ct. 1625, 75 L.Ed.2d 632 (1983); City of Newport V. Fact Concerts, Inc. , 453 U.S. 247, 101 S. Ct. 2748, 69 L.Ed.2d 616 (1981); Carlson v. Green, 446 U.S. 14, 100 S. Ct. l468, 64 L.Ed.2d 15 (1980); Carey v. Piphus, 435 U.S. 247, 98 S. Ct. 1042, 55 L.Ed.2d 252 (1978); Vasbinder v. Ambach, 926 F.2d 1333 (2d Cir. 1991).

ADDITIONAL INSTRUCTIONS

54. The defendants respectfully request leave to supplement this request for jury instructions after the plaintiff submits his requests to charge and after evidence has been presented and prior to the charging conference.

DEFENDANTS
JOHN ARMSTRONG, ET AL.

RICHARD BLUMENTHAL
ATTORNEY GENERAL


BY: \_\_\_\_\_/s/_____
Terrence M. O'Neill
Assistant Attorney General
110 Sherman Street
Hartford, CT  06105
Federal Bar #ct10835
E-Mail:  terrence.oneill@po.state.ct.us
Tel.: (860) 808-5450
Fax: (860) 808-5591


**CERTIFICATION**

I hereby certify that a copy of the foregoing was mailed to the following on this 12th day of December, 2006:

Robert Reid, No. 18258
Northern Correctional Facility
138 East Milan Road
Berlin, NH 03570


_____/s/_____
Terrence M. O'Neill
Assistant Attorney General