# NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

TITLE Par ADULT PAROLE BOARD

CHAPTER Par 100 ORGANIZATIONAL RULES

PART Par 101 PURPOSE

    Par 101.01 The purpose of these rules is to facilitate the parole process and assist the board in making decisions which reflect the needs of the parolee and the concerns of society. These rules also set forth procedures that shall be followed for petitioning the board, conducting public comment hearings for rulemaking, and for conducting parole and parole revocation hearings.

PART Par 102 DEFINITIONS

    Par 102.01 "Board" means the adult parole board.

    Par 102.02 "Executive assistant" means the executive assistant of the adult parole board appointed pursuant to RSA 651-A:5.

    Par 102.03 "Inmate" means a person incarcerated in the New Hampshire state prison system and is serving a sentence imposed by a New Hampshire court.

    Par 102.04 "Parolee" means any inmate sentenced to the New Hampshire state prison system who is released from the prison system by the adult parole board.

    Par 102.05 "Prison" means a correctional facility operated by the New Hampshire Department of Corrections.

    Par 102.06 "Criminal companion" means any person with whom a parolee is associating, who has been convicted of a felony crime in the state of New Hampshire or any crime in any other jurisdiction which would have been a felony if it had been committed in New Hampshire

PART Par 103 DESCRIPTION OF ADULT PAROLE BOARD

    Par 103.01 <u>Jurisdiction.</u>

    (a) Pursuant to RSA 651-A:4, I, the board has the sole authority to grant parole to a New Hampshire state prison inmate.

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

(b)  Pursuant to RSA 651-A:4, II, the board has legal custody of all persons released on parole until they receive their discharge or are recommitted to the prison.

(c)  Pursuant to RSA 651-A:18, the board has the sole authority to revoke the parole privilege of any person in its custody and recommit that person to the prison.

Par 103.02  Rulemaking Authority.  The board is authorized by RSA 651-A:4, III to adopt rules relative to granting and revoking parole, the criteria used to grant parole, and the conditions governing the conduct of parolees.

Par 103.03  Parole Board Hearing Functions.  During parole hearings the board determines the probability that each eligible prisoner can remain at liberty without violating the law and make a successful transition from the prison to the community.

## PART Par 104 RECORDS OF THE ADULT PAROLE BOARD

Par 104.01  Existence of Parole Records.  Complete records shall be kept on all parolees subject to the board's supervision.  A verbatim recording shall be made of all hearings.  Those recordings shall be retained by the executive assistant for one year following the issuance of the board's decision; after period they shall be destroyed.  All requests for information concerning the Board's procedures or proceedings, and all submissions or other requests, shall be directed to the Executive Assistant of the Adult Parole Board, P.O. Box 14, Concord, NH 03302, (603) 271-2569.

Par 104.02  Confidentiality.  In order to protect parolees from injurious publicity parole records shall be kept confidential.  Those records are exempted from the provisions of the New Hampshire Right-to-Know Law by RSA 91-A:5, II.

Par 104.03  Exceptions.  The following information shall be provided in individual cases, upon specific written request by any person:

(a)  The dates of sentence and commitment, parole eligibility date, mandatory release date, or termination of sentence;  and

(b)  Whether an inmate is being considered for parole, has been paroled or not, and, if the inmate has been paroled, the effective date set by the board.

Par 104.04  Board Member Votes.  Unless ordered by a court of competent jurisdiction, there shall be no disclosure, under any circumstances, of the vote cast by an individual member of the board

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

TITLE Par ADULT PAROLE BOARD

CHAPTER Par 200  PRACTICE AND PROCEDURE

PART Par 201 PUBLIC COMMENT HEARINGS FOR RULEMAKING.

Par 201.01.  Purpose.  The purpose of this part is to provide a uniform procedure for the conduct of public hearings at which comment from the general public will be solicited for evaluation and consideration by a quorum of the board relative to the adoption, amendment, or repeal of a board rule under RSA 541-A.

Par 201.02  Scope.

(a) These rules shall apply to all hearings required by state law to be conducted by the board at which public comment shall be solicited under RSA 541-A:11.

(b) If any requirement set forth by these rules conflicts with an applicable statute, such other authority shall control.

Par 201.03  Notice.

(a) A public comment hearing concerning rulemaking shall be commenced by placing notice of the hearing in the "Rulemaking Register" so that it shall appear at least 20 days prior to the hearing date.

(b) Notice of rulemaking public comment hearings shall comply with RSA 541-A:6.

(c) Nothing in these rules shall prohibit the board from giving greater notice than the minimum set out in this part.

Par 201.04  Moderator.

(a) The hearing shall be presided over by the moderator, who shall be the board chair or a designee.

(b) The moderator shall:

    (1) Call the hearing to order;

    (2) Cause a recording of the hearing to be made;

    (3) When a group or organization wishes to comment, limit the group to no more than 3

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

persons, provided that the members who are present may enter their names and addresses into the record as supporting the position by the group or organization;

(4) Recognize those who wish to be heard, and establish the order thereof;

(5) Limit the time for each speaker;

(6) Recognize a speaker;

(7) Revoke recognition of a speaker who speaks or acts in an abuse or disruptive manner;

(8) Revoke recognition of a speaker who refuses to keep comments relevant to the issues which are the subject of the hearing;

(9) Remove or have removed any person who disrupts the hearing;

(10) Adjourn the hearing; and

(11) Provide opportunity for the submission of written comments consistent with the notice published in the rulemaking register.

Par 201.05 Public Participation.

(a) Any person who wishes to speak on the issues which are the subject of the hearing shall list both name and address on a speaker's list. All whose names appear on the speaker's list may speak at the hearing.

(b) Written comments may be submitted any time from the time notice has been published until the record has been closed by the moderator, which shall be consistent with the notice published in the rulemaking register.

## PART Par 202 RULES FOR PETITIONING THE BOARD.

Par 202.01. Rulemaking Petitions.

(a) Any interested person may petition the board, for the adoption, amendment, or repeal of any board rule under RSA 541-A:4.

(b) Within 30 days of the receipt of the completed petition required by Par 201.03, the board shall either:

(1) Initiate rulemaking procedures in compliance with the petition and in accordance with RSA 541-A:3, or

2

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

    (2)  Deny the petition in writing, stating the reasons for the denial.

    (3)  The board shall determine whether to initiate a requested procedure or deny a petition, based on whether

        a.  the requested change is consistent with the duties of the board as contained in RSA 651-A; and

        b.  The requested change improves the efficiency of board procedures.

Par 220.02  Petition for Declaratory Ruling.

(a)  Any interested person may petition the board using the forms specified in Par 201.03, requesting a declaratory ruling on the applicability of any statute concerning the board or rule adopted by the board.

(b)  Within 45 days of the receipt of the completed petition required by Par 201.03, the board shall either:

    (1)  Issue a declaratory ruling responsive to the petition, or;

    (2)  If a legal opinion is required the board shall request the opinion of the Department of Justice and issue a responsive declaratory ruling within 20 working days of the receipt of the opinion, explaining the reply to the petitioner.

Par 202.03  Petition Form.

(a)  The board shall consider any petition which meets the following minimum requirements:

    (1)  Each petition shall be in legible written form and addressed to the board as follows:

            Executive Assistant
            NH Adult Parole Board
            PO Box 14
            Concord, NH 03302-0014

    (2)  Petitions for proposed rulemaking shall state the nature of each proposed rule, state the petitioner's reasons for proposing the rule, and include a test of the proposed rule;

    (3)  Petitions for the amendment or repeal of a rule shall identify specifically which rule or rules are to be amended or repealed and state the petitioner's reasons for proposing the

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

rule change;

(4) Petitions for a declaratory ruling shall identify all material facts and specify the status, rule or order on which a declaratory ruling is sought;

(5) Each petition shall include the name and address of the petitioner and, if applicable, the name and address of the organization the petitioner represents;  and

(6) Each petition shall include the date of the petition and be signed by the petitioner.

(c)  Notification pursuant to paragraph (b) above shall be in writing and;

(1) Identify the specific deficiencies; and

(2) Contain an explanation of how the petition can be corrected and allow the petitioner to amend the petition in accordance with the items of the modification.

(d)  A completed petition which meets the minimum requirements of these rules shall be placed on the next available board agenda.

## PART Par 203 PAROLE HEARINGS

Par 203.01   Purpose.   The purpose of  this part is to provide a uniform procedure for the conduct of parole hearings . They shall be followed by all participants in parole hearings.

Par 203.02   Scheduling.  All inmates shall receive a parole hearing within the 60-day period prior the their minimum parole date. If parole is denied at the initial hearing, the board shall advise the inmate, in writing via a copy of the minutes of the hearing, what the inmate shall be required to do to be granted another hearing.

Par 203.03   Waiver.   Any inmate may, by written request, waive or continue a scheduled hearing.

Par 203.04  Reparole Hearings.

(a)  The board shall schedule reparole hearings according to the stipulations set forth by the board at the revocation hearing.  Procedures followed at a reparole hearing shall be the same as those used for an initial hearing.

(b)  Criteria used by the board to determine if an inmate shall be afforded a reparole hearing shall include:

4

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

    (1)  Safety risks to the community posed by the offender;

    (2)  Amenability to community supervision;

    (3)  The time remaining on the inmate's sentence;

    (4)  Past performance while under community supervision;

    (5)  Any other factors that indicate another opportunity for parole is in the best interests of the offender and society.

    Par 203.05  Notice of Hearings.  Notice of any scheduled parole or reparole hearing shall be issued by the executive assistant according to the provisions of RSA 651-A:11.  The executive assistant shall also provide written notice to each inmate scheduled for a hearing.


    Par 203.06  Commencement of the Parole Hearing.  Members of the hearing panel shall commence the hearing by questioning the inmate regarding information in the inmate's prison record. The inmate shall then have the opportunity to respond to these questions, and to make a statement to the board.

    Par 203.07 Witnesses.

  (a)  The inmate may have family members, friends, professional persons, employers, or other witnesses present to discuss the case with the board, provided their names and relationship to the inmate are filed with the executive assistant.  The board shall order removed from the hearing room any witness whose conduct disrupts the parole hearing.

  (b)  Pursuant to RSA 651-A:11, the board shall invite or permit the attendance of any other witnesses, including but not limited to, the county attorney or designee, and chief of police from the jurisdiction in which the offense was committed.

  (c)  The victim or victim's next of kin if the victim is dead, may speak at a parole hearing, either personally or through counsel, pursuant to RSA 651-A:11-a.


Par 203.08.  Conclusion of the Hearing.  After the board members, inmate, and witnesses have concluded their questions and/or comments, board members shall make a decision to grant or deny parole according to the criteria in Par 301.02.

Par 203.09.  Reconsideration Hearings.  The board shall hold a reconsideration hearing for any inmate previously approved for parole who receives a disciplinary writeup prior to release.  At

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

the reconsideration hearing the board shall determine the effect of the disciplinary upon the inmate's release date. The standard setback shall be 60 days for a minor disciplinary and 90 days for a major disciplinary.

## PART Par 204 REVOCATION HEARINGS

PART Par 204.01 Presiding Officer, Appointment, Authority.

(a) All hearings shall be conducted by a member of the board appointed by the chairman to serve as presiding officer.

(b) The presiding officer shall as necessary:

   (1) Regulate and control the course of a hearing;

   (2) Facilitate an informal resolution of an appeal;

   (3) Administer oaths and affirmations;

   (4) Sign the documents required when the board issues subpoenas to compel the attendance of witnesses at hearings or the production of documents, if so authorized by law;

   (5) Receive relevant evidence and exclude irrelevant, immaterial, or unduly repetitious evidence;

   (6) Rule on procedural requests, including adjournments or postponements, at the request of a party or on the presiding officer's own motion;

   (7) Question any person who testifies, in order to have a complete record;

   (8) Cause a complete recording of any hearing to be made, as specified in RSA 541-A-31, VI; and

   (9) Take any other action consistent with applicable statutes and rules necessary to conduct the hearing and complete the record in a fair and timely manner.

Par 204.02 Withdrawal of Presiding Officer or Agency Decision-maker.

(a) Upon individual initiative or upon the motion or request of any party, a presiding officer

6

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

or agency decision-maker shall, for good cause withdraw from any hearing.

> (b) Good cause exists if a presiding officer or agency decision-maker has a direct interest in the outcome of the hearing or any connection with or knowledge of the parties that would be likely to improperly influence his or her judgement.

## PART Par 205 FILING, FORMAT, AND SERVICE OF DOCUMENTS

Par 205.01 Date of Issuance or Filing.

(a) All decisions, orders, notices or other written correspondence or documents issued by or at the direction of the board shall be rebuttably presumed to have been issued on the date noted on the document.

(b) All written documents governed by these rules shall be deemed to have been filed with or received by the board on the actual date of receipt by the board, as evidenced by a date stamp placed on the document by the board in the normal course of business.

Par 205.02 Format of Documents.

(a) All correspondence, pleadings, motions or other documents filed under these rules shall:

(1) Include the title and docket number of the proceeding, if known;

(2) By typewritten or clearly printed on durable paper 8 ½ by 11 inches in size;

(3) Be signed by the party or proponent of the document, or, if the party appears by a representative, by the representative; and

(4) Include a statement certifying that a copy of the document has been delivered to all parties to the proceeding in compliance with Par 602.04.

(b) The signature on a document filed with the agency shall constitute certification that:

(1) The signer has read the document;

(2) The signer is authorized to file it;

(3) To the best of the signer's knowledge, information, and belief there are good and sufficient grounds to support it; and

(4) The document has not been filed for purposes of delay.

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

Par 205.03 Motions; Objections.

(a) Motions shall be in written form and filed with the presiding officer, unless made in response to a matter asserted for the first time at the hearing or on the basis of information which was not received in time to prepare a written motion.

(b) Oral motions and any oral objection to such motions shall be recorded in full in the record of the hearing. If the presiding officer finds that the motion requires additional information in order to be fully and fairly considered, the presiding officer shall direct the moving party to submit the motion in writing, with supporting information, before any deadline established by the presiding officer.

(c) Objections to written motions shall be filed within 10 days of the date of the motion, unless a different time period is prescribed by the presiding officer for a particular motion.

(d) Failure of an opposing party to object to a motion shall not in and of itself constitute grounds for granting the motion.

(e) The presiding officer shall rule upon a motion after full consideration of all objections and other factors relevant to the motion.

Par 205.04 Delivery of Documents.

(a) Copies of all petitions, motions, exhibits, memoranda, or other documents filed by a party to a proceeding governed by these rules shall be delivered by that party to all other parties to the proceeding.

(b) All notices, orders, decisions or other documents issued by the presiding officer pursuant to this chapter, shall be delivered by the presiding officer to all parties to the proceeding.

(c) Delivery of all documents relating to a proceeding shall be made by personal delivery or by depositing a copy of the document by first class mail, postage prepaid, in the United States mail, addressed to the party at the last address given to the agency by the party.

(d) Notwithstanding paragraphs (a) through (c), when a party appears by a representative, service shall be upon the representative at the address stated on the appearance filed by the representative.

PART Par 206. TIME PERIODS

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

Par 206.01  Computation of Time

(a) Unless otherwise specified, all time periods referenced in this chapter shall be calendar days.

(b) Computation of any period of time referred to in these rules shall begin with the day after the action, which sets the time period in motion, and shall include the last day of the period so computed.

(c) If the last day of the period so computed falls on a Saturday, Sunday, or legal holiday, then the time period shall be extended to include the first business day following the Saturday, Sunday, or legal holiday.

PART Par 207  HEARING REQUESTS, NOTICES, PRE-HEARING CONFERENCES

Par 207.01  Commencement of Hearing.  A hearing shall be commended by an order of the agency giving notice to the parties of the date of any scheduled prehearing conference or hearing.

Par 207.02  Notice of Hearing.

(a) A notice of a hearing issued by the board  shall contain the information required by RSA 541-A:31, III, namely:

(1) A statement of the time, place, and nature of the hearing;

(2) A statement of the legal authority under which the hearing is to be held;

(3) A reference to the particular sections of the statures and rules involved;

(4) A short and plain statement of the issues involved time.

(5) A statement that the parolee has the right to have an attorney present, either at the parolee's expense or, if the parolee is indigent, at expense of the state.

(b)  Upon request the board shall, when possible, furnish a more detailed statement of the issues within a reasonable time.

(c)  A notice of hearing shall be hand-delivered or sent through prison messenger mail to each inmate involved.  Parole board staff shall notify parole officers by telephone.

9

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

Par 207.03. <u>Appearance and Representation</u>. If the parolee is represented by counsel, the counsel shall file an appearance that includes the following information:

(a) A brief identification of the matter;

(b) A statement as to whether the attorney is licensed to practice in New Hampshire; and

(c) The attorney's daytime address and telephone number.

PART Par 208 POSTPONEMENT REQUESTS AND FAILURE TO APPEAR

Par 208.01 <u>Postponements.</u>

(a) Any party to a hearing may make an oral or written request that the hearing be postponed to a later date or time.

(b) If a postponement is requested by a party to the hearing it shall be granted if the presiding officer determines that good cause has been demonstrated. Good cause shall include but not be limited to the justifiable unavailability of parties, witnesses or attorneys necessary to conduct the hearing.   Unless agreed to by the parolee or his attorney, the postponement shall not exceed the 45-day limit for a revocation hearing specified in RSA 651-A:17.

(c) If the later date, time and place are known at the time of the hearing that is being postponed, the date, time and place shall be stated on the record. If the later date, time and place are not known at the time of the hearing that is being postponed, the presiding officer shall issue a written scheduling order stating the date, time and place of the postponed hearing as soon as practicable.

Par 208.02 <u>Failure to Appear.</u>  The board shall postpone the hearing if the parolee, parole officer, or parolee's attorney are unable to attend due to circumstances beyond their control.

PART Par 209 REQUESTS FOR INFORMATION OR DOCUMENTS

Par 209.01 <u>Voluntary Production of Information</u>.

(a) Each party shall attempt in good faith to make complete and timely response to requests for the voluntary production of information or documents relevant to the hearing.

(b) Where a dispute between parties arises with respect to a request for the voluntary production of information or documents, any party may file a motion to compel the production of the requested information under Par 606.02.

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

Par 209.02  Motions to Compel Production of Information

(a) Any party may make a motion in writing requesting that the board order the parties to comply with information requests, including informal witness reviews and requests for the exchange of documents.

(b) The moving party's motion shall

   (1) Set forth in detail those factors which it believes justify its request for information; and

   (2) List with specificity the information it is seeking to discover.

(c) The motion shall be filed at least 10 days before the date scheduled for the hearing, or as soon as possible after receiving the notice of hearing if such notice is scheduled less than 10 days in advance of the hearing.

(d) The presiding officer shall grant such requests for discovery as are necessary for a full and fair presentation of the evidence at the hearing.

PART Par 210  RECORD, PROOF, EVIDENCE AND DECISIONS

Par 210.01  Record of the Hearing.

(a) A record of the hearing shall be kept by audio tape recording.

(b) If any person requests a copy of the taped record, the board shall provide the person with a copy of the recording upon receipt of a blank tape from the requesting person. If any person requests a transcript, the board shall have a transcript prepared at the expense of the requesting person.

Par 210.02  Standard of Proof  The standard of proof at hearings shall be proof by a preponderance of the evidence.

Par 210.03  Burden of Proof  The probation/parole officer alleging the violation shall bear the burden of proving the truth of the allegation by a preponderance of the evidence.

Par 210.04  Order of Proceeding, Testimony

(a) Any person offering testimony, evidence or arguments shall state his/her name on the record. If the person is representing another person, the person being represented shall

11

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

also be identified by name.

(b) Testimony shall be offered in the following order:

    (1) The probation/parole officer and such witnesses as the officer may call; and

    (2) The parolee opposing the probation/parole officer, and such witnesses as the parolee or his attorney may call.

Par 210.05 Evidence

(a) Receipt of evidence shall be governed by the provisions of RSA 541-A:33.

(b) All documents, materials and objects offered into evidence as exhibits shall be included in the record of the hearing unless excluded by the presiding officer as irrelevant, immaterial, unduly repetitious, or legally privileged according to law.

(c) All objections to the admissibility of evidence shall be stated as early as possible in the hearing, but not later than the time when the evidence is offered.

Par 210.06 Proposed Findings of Fact and Conclusions of Law

(a) Any party may submit proposed findings of fact and conclusions of law to the presiding officer prior to or at the hearing.

(b) Upon request of any party, or if the presiding officer determines that proposed findings of fact and conclusions of law would serve to clarify the issues presented at the hearing, the presiding officer shall specify a date after the hearing for the submission of proposed findings of fact and conclusions of law.

(c) In any case where proposed findings of fact and conclusions of law are submitted, the decision shall include rulings on the proposals.

Par 210.07 Closing the Record

    (a) After the conclusion of the hearing, the record shall be closed and no other evidence shall be received into the record.

    (b) Before the conclusion of the hearing the presiding officer shall require, or a party may request that the hearing be continued to accommodate the filing of specified material evidence not available at the hearing or the availability of a material witness. If the other parties to the hearing have no objection or if the presiding officer determines that such evidence or witness is necessary for

12

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

a full consideration of the issues raised at the hearing, the presiding officer shall terminate the hearing and direct a date for its continuation.

Par 210.08  Reopening the Record.

(a) At any time prior to the issuance of the decision on the merits, the presiding officer, on the presiding officer's own motion or the motion of any party, shall reopen the record to receive relevant, material and non-duplicative testimony, evidence, arguments or exhibits not previously received.

(b) If the presiding officer determines that such testimony, evidence, arguments or exhibits are necessary to a full consideration of the issues which form the subject of the hearing, the record shall be reopened to accept the offered items.

Par 210.09  Decisions   In accordance with RSA 651-A:3 II, a panel of 3 board members, including the presiding officer, shall make a decision after personally hearing the testimony in the case.

PART Par 211 MOTION FOR RECONSIDERATION

Par 211.01  Purpose   The rules in this part are intended to supplement any statutory provisions, including but not limited to RSA 541, which require or allow a person to request reconsideration of a decision of the board prior to or in lieu of appealing the decision. These rules do not create the right to request reconsideration of a decision where it does not otherwise exist under law.

Par 211.02  Applicability  The rules in this part shall apply whenever any person has a right under applicable law to request reconsideration of a decision prior to or in lieu of filing an appeal of the decision with the applicable court having appellate jurisdiction.

Par 211.03  Filing and Content of Motion

(a) A motion for reconsideration shall be filed within 30 days of service after service of a final board decision or order.

(b) A motion for reconsideration shall:

(1) Identify each error of fact, error of reasoning, or error of law which the moving party wishes to have reconsidered;

(2) Concisely state the factual finding, reasoning, or legal conclusion urged by the moving part; and

(3) Include any memorandum of law the moving party wishes to file.

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

Par 211.04 <u>Standard for Granting Motion for Reconsideration</u>. A motion for reconsideration shall be granted only if:

    (a) Material evidence is presented with the motion for reconsideration which was not available at the time of the hearing; or

    (b) The party making the motion for reconsideration demonstrates that the board's decision is based on a legal error concerning the interpretation or application of any statute, administrative rule or case law.

CHAPTER Par 300 CRITERIA FOR GRANTING AND DENYING PAROLE.

Par 300.01. <u>Purpose.</u> The purpose of this chapter is to describe the criteria that shall be used by the hearing panel to grant or deny parole.

PART Par 301 CRITERIA

Par 301.01 <u>Necessary Condition</u>. Parole shall be considered a privilege, something to be earned rather than automatically given, and any release prior to the maximum term shall be made only upon careful and lawful consideration. An inmate shall not be granted parole unless the board finds a reasonable probability that the inmate will remain at liberty without violating any law and will conduct himself as a good citizen, pursuant to criteria in Par 301.02.

Par 301.02. <u>Evaluation Criteria</u>. In determining the reasonable probability of success on parole, the board shall consider the following criteria.

    (a) The inmate's personality, maturity, sense of responsibility, and any developments in personality which might promote or hinder the conformity to the law;

    (b) The appropriateness and adequacy of his parole plan, as determined by the supervising officer during the investigation requested by the board prior to release, including:

        (1) The inmate's employment plan, employment history, occupational skills, and past employment stability;

        (2) The type of residence, neighborhood, and community in which the inmate intends to live and work; and

        (3) The availability of mental health or other rehabilitative services ordered by the board as conditions of parole.

14

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

(c) The inmate's history of use of illegal drugs, and habitual and/or excessive use of alcohol;

(d) The inmate's criminal record, including the nature and circumstances of criminal activity, and the recency and frequency of previous offenses;

(e) The seriousness of the confining offense or other committed offenses, including the degree of violence or lack of concern for victims involved;

(f) The degree of remorse or empathy for victims and the attitude of the inmate toward his prior criminal conduct;

(g) The inmate's history of conduct during previous paroles, probation, or other community supervision;

(h) The inmate's conduct within the institution, including, but not limited to,

  (1) The disciplinary record during incarceration; and

  (2) Evidence of self-improvement through the various institutional programs and, specifically programs which addressed problems or issues that contributed to the inmate's prior criminal activity.

(i) Evaluations and recommendations received by the board from the department of corrections, courts, and relevant social service, mental health, and criminal justice agencies.

(j) The inmate's attitude and conduct during the parole hearing,

PART Par 302  DENIAL OF PAROLE

Par 302.01  Reasons for Denial. Using the criteria in Par 301.02, the board shall deny parole if, in the judgment of a majority of the hearing panel:

(a) There exists reasonable probability that the individual will not conform to the conditions of parole and/or the laws of the state of New Hampshire;

(b) Continued treatment, mental or psychological care, or vocational or other training within the institution would substantially improve the inmate's capacity to lead a law-abiding life upon release at a future date;

(c) The existence of adverse public concern or notoriety would seriously hinder the inmate's transition to the community;

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

(d) Existence or pendency of outstanding charges, detainers, or deportation hearings proceedings; and

(e) Lack of a parole plan that meets the criteria in Par 301.02(b)(1)-(3).

CHAPTER Par 400 CONDITIONS FOR THE CONDUCT OF PAROLEES

PART Par 401 PAROLE CONDITIONS

Statutory Authority: RSA 651-A:4, III

Par 401.01 Certificate. Whenever the board orders the release of any inmate on parole, the executive assistant shall prepare, on or before the effective date of release, a certificate setting forth the conditions of parole imposed by the board. The parolee shall accept and agree to all of the conditions and shall evidence his agreement by signing his name to the certificate.

Par 401.02 General Conditions.

(a) Conditions governing the conduct of a parolee shall be specifically ordered to meet each parolee's needs.

(b) The following conditions shall be imposed for all parolees:

(1) Reporting to the parole officer at such times and places as the officer shall direct, complying with the parole officer's instructions and responding truthfully to all inquiries from the parole officer;

(2) Complying with all lawful orders of the court and the board, and all instructions of the parole officer, including all court orders for the payment of fines, restitution, attorney fees, and child support, and the parole supervision fee mandated by RSA 504-A:13;

(3) Obtaining the parole officer's permission before changing residence or employment or traveling out of state;

(4) Notifying the parole officer immediately of any arrest, summons or questioning by a law enforcement officer;

(5) Diligently seeking and maintaining lawful employment, notifying employer of parolee status, and supporting dependents to the best of ability;

(6) Not receiving, possessing, controlling, or transporting any real or simulated weapon, explosive, or firearm;

### NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

(7) Being of good conduct and obeying all laws;

(8) Submitting to breath, blood or urinalysis testing for the presence of illegal or prohibited substances, or providing such other sample for testing as shall be directed by the parole officer;

(9) Permitting the parole officer to visit parolee's residence at any time for the purpose of examination and inspection in the enforcement of the conditions of parole and submit to searches of his person, property, and possession as requested by the parole officer;

(10) Not associating with criminal companions or such other individuals as shall be ordered by the court or parole board

(11) Prohibited contacts shall include:

    a. Victims;

    b. Other parolees or probationers;

    c. Other persons known to the board or to the parole officer as having criminal records.

(12) Not illegally using, selling, possessing, distributing, transporting, or being in the presence of controlled drugs, notifying the parole officer of any prescribed medications, and not using alcoholic beverages to excess; and

(13) Waiving extradition to the state of New Hampshire from any state in the United States or any other place and return to New Hampshire if directed by the parole officer, and being responsible for any and all costs, including all travel, in connection with any extradition request or proceeding.

Par 401.03 Special Conditions.

(a) In addition to conditions applicable to all parolees, the board shall impose special conditions of parole that address the treatment, supervision, and public safety needs present by each offender.

(b) Criteria used to determine appropriate special conditions shall include:

(1) Treatment recommended by the department of corrections or other competent providers;

(2) The nature of the inmate's confining offense;

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

(3) The length of incarceration;

(4) Past performance during community supervision; and

(5) Any other factors that enhance the transition of the parolee to the community, or diminish the parolee's threat to society.

Par 401.04  <u>Approval of Plan</u>.  The parolee's plan shall be forwarded to the supervising parole officer for investigation and approval. The executive assistant shall notify the inmate in writing of any problems with the parole plan that shall be resolved prior to release.

Par 401.05  <u>Instructions to Inmates</u>.  Before any inmate is released on parole, the executive assistant or his representative shall review with each inmate the conditions of that inmate's parole, and shall ensure that the inmate understands all conditions. The inmate shall signify [his] understanding of the conditions by signing the parole certificate. The executive assistant or designee shall, by signing the certificate, attest that all conditions of parole have been explained to the inmate.

## CHAPTER Par 500  REVOCATION OF PAROLE

Statutory Authority: RSA 651-A:4, III

## PART Par 501  REASONS FOR REVOCATION

Par 501.01  <u>Mandatory Revocation</u>.  Pursuant to RSA 651-A:18, II (a) and (b) the board shall revoke parole if the parolee is convicted of a felony or absconds from parole supervision for more than 60 days.

Par 501.02  <u>Discretionary Revocation</u>.

(a) The board  shall consider  revocation of parole for any other violations of  parole conditions.

(b) Pursuant to RSA 651-A:18, (a), (b), and (c), the decision to revoke or to return to parole shall be based on the following factors:

(1) Recommendation of the arresting parole officer;

(2) Recommendation from department of corrections substance abuse treatment staff, if the

18

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

violation involves drug or alcohol use;

(3)  The length of time on parole prior to the violation;

(4)  Overall performance on parole prior to the violation;

(5)  The number and nature of any intermediate sanctions attempted by the parole officer prior to arrest;

(6)  The existence of any pending criminal charges or outstanding arrest warrants against the parolee;

(7)  The length of time remaining on the parolee's prison sentence;

(8)  The parolee's performance during any prior periods of community supervision; and

(9)  Any other factors that indicate the probability of success or failure during a subsequent parole.

Par 501.03  Warrant.  If a member of the board agrees that a violation might have occurred, the member shall issue a warrant for the arrest of the parolee, pursuant to RSA 504A:4, II.

Par 501.04  Preliminary Hearing.  Pursuant to RSA 504-A:6, a preliminary hearing shall be held as promptly as possible after the parolee is arrested and detained.  This hearing shall be conducted by a hearings officer according to the provisions of RSA 651-A:17 and RSA 504-A:6

Par 501.05  Probable Cause.  If probable cause is found by the hearings officer, the executive assistant shall then meet with each parolee, and inform the parolee of all rights and procedures related to the parole revocation hearing.   The executive assistant and parolee shall complete the "Notification of Due Process Rights at Final Revocation Hearing" form in two copies.  One copy shall be given to the parolee, and the other shall be retained by the board.

(a)  The "Notification of Due Process Rights at Final Revocation Hearing" form shall stipulate the following due process rights pertaining to the revocation hearing:

(1)  The right to receive a written notice of all alleged parole violations, which  shall be given to the parolee via a copy of the arrest warrant signed by a member of the board.

(2)  The right to appear before the board and address the board at a revocation hearing;

(3)   The right of the parolee to call witnesses in the parolee's behalf;

19

## NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

    (4)  The right of the parolee to confront and cross-examine all adverse witnesses, and review all evidence against the parolee;

    (5)  The right of representation by counsel and the right to have counsel appointed if the parolee cannot afford to retain counsel; _and_

    (6)  The right to receive a written copy of the board's decision, which shall include the decision of the board, and evidence relied upon to reach that decision.

  (b)  The "Notification of Due Process Rights at Final Revocation Hearing" form shall also specify the following options regarding legal counsel at the parole revocation hearing:

    (1)  The parolee shall retain private counsel.

    (2)  The parolee shall appear without legal representation.

    (3)  The parolee lacks the resources to retain private counsel and requests court-appointed counsel.

    (4)  The parolee may elect to waive the right to a revocation hearing with 45 days of arrest, as required by RSA 651-A:17, and continue the hearing until appointed counsel is available.

  (c)  The signature of the parolee on the "Notification of Due Process Rights at Final Revocation Hearing" form shall signify the parolee's understanding of all legal rights related to said hearing.

    Par 501.06  _Basis of Decision_.  If the board finds, by a preponderance of the evidence, that the parolee has violated the conditions of his parole and thereafter votes to revoke parole, pursuant to the criteria in Par 501.01 and Par 501.02, the parolee shall be committed to the custody of the Commissioner of Corrections.  If the board votes to give the parolee another opportunity for parole, the board shall specify the criteria for that hearing.  The executive assistant shall send a copy of the hearing minutes to each parolee, within 5 working days after the hearing.

NEW HAMPSHIRE CODE OF ADMINISTRATIVE RULES

with respect to any particular parole or revocation decision.

     Par 104.05    <u>Information Requests.</u>    All requests for information concerning the board's procedures or proceedings, and all submissions or other requests, shall be directed to :

           Executive Assistant

           Adult Parole Board

           PO Box 14

           Concord, NH 03302-0014

           (603) 271-2569