**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| ROBERT REID | : | |
|    Plaintiff. | : | DOCKET NO. 3:03-CV-208(WWE) |
| | : | |
| v. | : | |
| | : | |
| JOHN ARMSTRONG, ET AL., | : | |
|    Defendants. | : | SEPTEMBER 12, 2008 |

**PLAINTIFF'S LOCAL RULE 56(a)(2) STATEMENT**

1. Admit.

2. Admit.

3. Admit that the appellate citation states the facts as presented, however, object to the classification of plaintiff's history as "exceptionally violent," and admit that plaintiff was sentenced according, and subject to New Hampshire law.

4. Admit that the disciplinary records are that of plaintiff, however, deny that any of those facts are applicable to the legal issues as presented in this case. (Memo of law, section II. B through D.)

5. Admit that the disciplinary records are those of plaintiff, however, deny that any of those facts are applicable to the legal issues as presented in this case. (Memo of law, section II. B through D.)

6. Admit that plaintiff was transferred pursuant to the NEICC, however, deny that he was accorded his rights pursuant thereto. (Memo of law, section II. B through D.)

7. Admit.

8. Admit.

9. Admit.

10. Admit that the records are that of plaintiff, however deny that any of those facts are applicable to the legal issues as presented in this case. (Memo of law, section II. B through D.)

11. Admit that the record so states. However, plaintiff denied the classification and was found ineligible, no matter his behavior, for placement in a halfway house or participation in an anger management program. (Memo of law, section II. B through D.)

12. Deny. Had Mr. Reid been incarcerated in New Hampshire, or had he been accorded his rights pursuant to his New Hampshire commitment as per the NEICC and its enacting contract, Mr. Reid would have been elibile for placement in a minimum security facility. (Complaint ¶ 21, 27, and 29, as well as complaint exhibits G, I, J, and K.)

13. Admit that plaintiff is subject to the Interstate Compact. However, defendant failed to provide the entire statutory scheme and failed to point out that the governing law is that of the sending state, here New Hampshire. (NEICC Article IV (f).)

14. Admit.

15. Admit.

16. Admit

17. Admit that plaintiff has no right to parole, however, deny that this has any relevance to the issue herein as to whether or not Mr. Reid was treated differently than other inmates of New Hampshire and whether or not Connecticut accorded Mr. Reid his rights pursuant to his New Hampshire commitment and in compliance with the NEICC, when he was found ineligible for placement in a halfway house and participation in an anger management program. (Memo of law, section II. B through D.)

18. Admit.

## DISPUTED ISSUES OF MATERIAL FACT

In this case there are disputed issues of fact:

1. Whether plaintiff was denied equal protection when he was not provided with the same opportunities and classification possibilities as other New Hampshire inmates when Mr. Reid was incarcerated in Connecticut pursuant to the NEICC?

2. Whether the failure to accord Mr. Reid his rights as provided by the state of New Hampshire, while incarcerated in Connecticut as per the NEICC and the contract between Connecticut and New Hampshire in enactment thereto,

violated Mr. Reid's due process rights in that such failure posed an atypical and significant hardship in relation to the ordinary incidents of prison life.

        RESPECTFULLY SUBMITTED
        THE PLAINTIFF

BY:   /s/ Jim. Nugent /s/
       Jim Nugent of Nugent & Bryant
       Fed Bar No. CT 05792
       236 Boston Post Road
       Orange, CT 06477
       Tel. 203-795-1113
       Fax. 203-795-1019
       Email. Jim@NugentLawyers.com

# **C E R T I F I C A T I O N**

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing as indicated on the Notice of Electronic Filing. Parties may access this filing through the Court's CM/ECF System.

> BY: /s/ Jim Nugent /s/
> Jim Nugent of Nugent & Bryant
> Fed Bar No. CT 05792
> 236 Boston Post Road
> Orange, CT 06477
> Tel. 203-795-1113
> Fax. 203-795-1019
> Email: Jim@NugentLawyers.com