UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ROBERT REID, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 3:03cv208 (WWE) |
| | : | |
| JOHN ARMSTRONG, | : | |
| GEORGE WEZNER, | : | |
| JOANE BORDEN, and | : | |
| GARY CREDIT, | : | |
|     Defendants. | : | |

<u>MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT</u>

Plaintiff Robert Reid, a sentenced inmate from New Hampshire, has brought this action alleging violation of his constitutional rights to equal protection and due process against former Department of Corrections ("DOC") Commissioner John Armstrong, former DOC Warden George Wezner, and DOC Correctional Counselors Joanne Borden and Gary Credit.

This Court has previously granted summary judgment on plaintiff's claims that defendants' failure to timely notify him of a reclassification hearing violated due process. On reconsideration, the Court determined that it did not address plaintiff's equal protection claim stemming from Connecticut's failure to reclassify him to a level at which he would be eligible for parole. The Court subsequently ordered defendants to file a motion for summary judgment on the remaining claim.

The motion for summary judgment is now fully briefed and ripe for review. For the following reasons, the Court will grant the motion for summary judgment in defendants' favor.

BACKGROUND

The parties have submitted statements of fact with supporting exhibits and evidentiary materials. The Court incorporates herein the undisputed facts recited in the prior ruling on summary judgment. The Court also provides the following factual background that is relevant to this ruling.

Pursuant to the New England Interstate Corrections Compact ("NEICC"), plaintiff was transferred from New Hampshire to Connecticut DOC in 1998. He has served a portion of his sentence in various level 4 correctional institutions in Connecticut.

The Contract for the Implementation of the Interstate Corrections Compact between the State of Connecticut and New Hampshire ("Implementation Contract") provides that all inmates "while in the custody of the receiving state shall be subject to all the provisions of law and regulations applicable to persons committed for violations of the receiving state not inconsistent with the sentence imposed." The Connecticut DOC inmate classification guidelines prohibit incarceration of individuals with plaintiff's record and sentence in a less secure environment. [1]

In February 2006, plaintiff was returned to New Hampshire, where he remains housed in a corrections facility.

Equal Protection

Plaintiff complains that Connecticut's failure to afford him eligibility for parole violated his equal protection rights and the NEICC. Plaintiff's claim stems from the fact that, under Connecticut guidelines, plaintiff could not be reclassified to a lower level so

---

[1] In the prior ruling on summary judgment, this Court held that Connecticut DOC has full discretion to make inmate classification decisions of all Connecticut inmates transferred from New Hampshire.

that he could obtain placement in a halfway house and complete an anger management course, which were both conditions for parole consideration.

The Equal Protection Clause of the Fourteenth Amendment commands that the government treat all persons similarly situated alike. U.S. Const. amend XIV; see City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 439, 105 S.Ct. 3249, 87 L.Ed.2d 313 (1985). However, the Fourteenth Amendment does not require the government to treat persons differently if they are not similarly situated. To state a claim for an equal protection violation, plaintiff must show that (1) he was intentionally treated differently from others similarly situated, and (2) that such selective treatment lacked a rational basis for the differing treatment. Village of Willowbrook v. Olech, 528 U.S. 562, 564 (2000). Plaintiff must establish that no rational person could disregard the circumstances of the plaintiff to differ from those of a comparator to a degree that would justify the differential treatment on the basis of a legitimate governmental policy; and the similarity in the circumstances and difference in treatment are sufficient to exclude the possibility that the defendants acted on the basis of a mistake. Clubside, Inc. v. Valentin, 468 F.3d 144, 159 (2d Cir. 2006).

Plaintiff asserts that it was improper for him to be afforded differing classification eligibility in Connecticut than he would have been afforded had he been confined in New Hampshire. In its prior ruling on summary judgment, this Court held that Connecticut DOC had discretion as to plaintiff's classification pursuant to Connecticut law, the New Hampshire Department of Corrections Classification Handbook, and the Implementation Contract. Defendants have also submitted evidentiary support relevant to plaintiff's criminal record that supports a rational basis for defendants' classification decision.

3

Courts must "exercise restraint in supervising the minutiae of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Accordingly, plaintiff has not sustained his burden of proving that no rational basis existed for defendants' treatment of him. Summary judgment will be granted on the equal protection claim.

Due Process

Plaintiff asserts that his ineligibility for a halfway house while incarcerated in Connecticut constituted a deprivation of his due process rights. The Court reviews this claim to the extent that the Court's prior ruling did not address plaintiff's allegations in full.

To state a claim for violation of due process, the plaintiff must show that he had a protected liberty interest. See Tellier v. Fields, 230 F.3d 502, 511 (2d Cir. 2000). In Sandin v. Connor, 515 U.S. 472 (1995), the Supreme Court established the appropriate standard for determining the existence of a protected liberty interest in due process claims involving prison conditions, holding that a protected liberty interest generally will arise only where the confinement or restraint creates an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life" and that the state has enacted a regulation or statute which grants inmates a protected liberty interest in remaining free from that confinement or restraint. 515 U.S. at 484. The Supreme Court has held that confinement in another state is generally within the normal limits or range of custody which the conviction has authorized the state to impose. Olim v. Wakinekona, 461 U.S. 238, 247 (1983)

Here, plaintiff claims that his inability to obtain halfway house placement posed an atypical and significant hardship in relation to the ordinary incidents of prison life because he could not obtain parole eligibility under Connecticut law as he would have under New

4

Hampshire law.

Prisoners do not generally have a due process right to challenge their classifications, eligibility for rehabilitative programs and assignments to a particular facility. Moody v. Daggett, 429 U.S. 78, 88, n. 9 (1976). As held in the previous decision on summary judgment, plaintiff cannot establish a liberty interest based on defendants' decision not to classify him at a level eligible for half-way house placement.

Accordingly, the Court will grant summary judgment on plaintiff's due process claim.

## Conclusion

For the foregoing reasons, the motion for summary judgment [#66] is GRANTED. The clerk is instructed to close this case.

Dated this __29th__ day of September, at Bridgeport, Connecticut.

/s/
Warren W. Eginton
Senior United States District Judge